Michael K. Friedland (Bar No. 157,217)
michael.friedland@knobbe.com
Lauren Keller Katzenellenbogen (Bar No. 223,370)
Lauren.katzenellenbogen@knobbe.com
Kimberly A. Kennedy (Bar No. 305,499)
kimberly.kennedy@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Adam B. Powell (Bar No. 272,725)
adam.powell@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
12790 El Camino Real
San Diego, CA  92130
Phone:  (858) 707-4000
Facsimile:  (858) 707-4001

Attorneys for Defendant
TESLA, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKOLA CORPORATION, a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>TESLA, INC., a Delaware corporation,<br><br>    Defendant. | Civil Action No. 3:18-cv-7460-JD<br><br>Hon. James Donato<br><br>**TESLA, INC.'S REVISED RENEWED MOTION TO DISMISS COUNTS I-III OF THIRD AMENDED COMPLAINT**<br><br>Date:      January 16, 2020<br>Time:      10:00 a.m.<br>Location:  Courtroom 11 |

*1*   PLEASE TAKE NOTICE THAT, on January 16, 2020 at 10:00 a.m., or as soon thereafter
*2* as the matter may be heard in Courtroom 11 of the above entitled court, located at 450 Golden
*3* Gate Avenue, San Francisco, California, Defendant Tesla, Inc. ("Tesla") will, and hereby does,
*4* move under Federal Rule of Civil Procedure 12(b)(6) seeking the below specified relief.

*5*   RELIEF SOUGHT: Tesla seeks an order dismissing Counts I-III, the design patent
*6* infringement claims, in Nikola Corporation's ("Nikola") Third Amended Complaint.

*7*   The design of Tesla's Semi accused of infringement is plainly dissimilar to the ornamental
*8* features claimed in Nikola's asserted design patents. Accordingly, Nikola cannot plausibly allege
*9* that an ordinary observer would be confused into believing the Tesla Semi to be the same as the
*10* design claimed in Nikola's patents, and Nikola's claims for infringement of its design patents (U.S.
*11* Pat. Nos. D816,004; D811,944; and D811,968) should be dismissed with prejudice and without
*12* leave to amend.

*13*   In support of this Motion, Telsa hereby incorporates its Memorandum of Points and
*14* Authorities, Declaration[1] of Jason Luecht, Declaration of Amit Makker, and any other argument
*15* or authority that may be presented at the hearing on this motion.

*16*   Tesla previously filed a motion to dismiss (Dkt. No. 26) on July 9, 2018, before this case
*17* was transferred from the District of Arizona to this Court, and before Nikola filed its Second and
*18* Third Amended Complaints. After Nikola filed its Third Amended Complaint, the parties filed a
*19* stipulation (Dkt. No. 60 filed October 23, 2018) agreeing that the Court should consider and rule
*20* on Tesla's previously filed motion to dismiss even though it was filed before the Second and Third
*21* Amended Complaints because those complaints did not meaningfully change the allegations of
*22* design patent infringement at issue in the motion to dismiss. The parties filed a second stipulation
*23* (Dkt. No. 63 filed November 8, 2018) agreeing that Tesla need not file an answer until after the
*24* Court ruled on the motion to dismiss. On November 9, 2018, the Arizona court issued an Order
*25* (Dkt. No. 64) stating that pursuant to the stipulation, Tesla need not file an Answer to the Third
*26* Amended Complaint until after the Rule 12(b)(6) motion was decided.

*27*
*28*   [1] Declarations originally filed July 9, 2018 at Dkt. 26 during pendency in the District of Arizona. Declarations are part of Northern District record as of case transfer December 12, 2018.

Tesla Revised Renewed Mtn to Dismiss       -1-                          3:18-cv-7460-JD

On December 12, 2018, this case was transferred to the Northern District of California. The Court issued an Order on March 27, 2019 stating that Tesla's Motion to Dismiss was terminated on an administrative basis, and that the Court would discuss the status of that motion with the parties at the case management conference. (Dkt. No. 84.) On July 9, 2019, this Court vacated the case management conference. (Dkt. 98.) Accordingly, Tesla now renews its motion to dismiss, which has been updated from the originally filed motion.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR LLP

Date:  November 21, 2019         By: */s/ Lauren Keller Katzenellenbogen*
                                       Michael K. Friedland
                                       Lauren Keller Katzenellenbogen
                                       Adam B. Powell
                                       Kimberly A. Kennedy

                                 Attorneys for Defendant
                                 TESLA, INC.

**TABLE OF CONENTS**

**Page No.**

I. SUMMARY OF ISSUES TO BE DECIDED ............................................................... 3

II. FACTUAL BACKGROUND ........................................................................................ 3

III. LEGAL STANDARD .................................................................................................... 4

    A. Pleading Design Patent Infringement ............................................................... 4

        1. Where the Designs are Sufficiently Distinct, Dismissal is Appropriate ................................................................................. 4

        2. A Design Patent Protects Only Ornamental Features ........................... 6

    B. Materials Considered In A Motion To Dismiss ................................................ 6

IV. ARGUMENT .................................................................................................................. 7

    A. Nikola Fails to State a Claim for Infringement of the D'004 Patent ................ 7

        1. The Shape of the Tesla Semi Door is Plainly Dissimilar From the Ornamental Door Design Claimed in the D'004 Patent ................. 7

        2. Nikola's D'004 Patent Infringement Claims Should Be Dismissed With Prejudice Because Amendment Would Be Futile. .................................................................................................... 8

    B. Nikola Fails To State A Claim For Infringement Of The D'944 Patent .......... 8

        1. The Ornamental Aspects Of The Tesla Semi's Fuselage Are Plainly Dissimilar From Nikola's Claimed Design .............................. 8

            a. Top And Rear Views Demonstrate Dissimilarities In Fuselage Designs. .................................................................... 9

            b. Front Views Of Fuselage Designs Further Illustrate Dissimilarities. ........................................................................ 10

            c. Even Nikola's Preferred Side View Confirms The Fundamental Distinctions Between Fuselage Designs. ........... 11

        2. Nikola's D'944 Patent Infringement Claims Should Be Dismissed With Prejudice Because Amendment Would Be Futile ..................................................................................................... 12

    C. Nikola Fails To State A Claim For Infringement Of The D'968 Patent ........ 12

        1. Nikola's Claim For Infringement Of The D'968 Patent Fails Because The Tesla Semi's Windshield Is Plainly Dissimilar From the D'968 Patent ..................................................................... 13

V. CONCLUSION ............................................................................................................. 15

# TABLE OF AUTHORITIES

**Page No(s).**

*Anderson v. Kimberly-Clark Corp.*,
   570 Fed. App'x 927 (Fed. Cir. 2014) ................................................................................6

*Colida v. Nokia, Inc.*,
   347 Fed. App'x 568 (Fed. Cir. 2009) .................................................................................5

*Contessa Food Prod., Inc. v. Conagra, Inc.*,
   282 F.3d 1370 (Fed. Cir. 2002) ..........................................................................................6

*Crocs, Inc. v. Int'l Trade Comm'n*,
   598 F.3d 1294 (Fed. Cir. 2010) ..........................................................................................4

*Egyptian Goddess, Inc. v. Swisa, Inc.*,
   543 F.3d 665 (Fed. Cir. 2008) ............................................................................................4

*Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*,
   796 F.3d 1312 (Fed. Cir. 2015) .....................................................................................4, 6

*Goodyear Tire & Rubber Co. v. Hercules Tire & Rubber Co., Inc.*,
   162 F.3d 1113 (Fed. Cir. 1998) ..........................................................................................4

*Harris v. Amgen, Inc.*,
   770 F.3d 865 (9th Cir. 2014) ..............................................................................................6

*In re Mann*,
   861 F.2d 1581 (Fed. Cir. 1988) ..........................................................................................6

*NuVasive, Inc. v. Alphatec Holdings, Inc.*,
   No. 18-CV-347, 2018 WL 2734881 (S.D. Cal. May 14, 2018) ........................5, 8, 13, 15

*OddzOn Prods., Inc. v. Just Toys, Inc.*,
   122 F.3d 1396 (Fed. Cir. 1997) ...................................................................................4, 10

*Performance Designed Prods. LLC v. Mad Catz, Inc.*,
   No. 16cv629, 2016 WL 3552063 (S.D. Cal. June 29, 2016) .........................................5, 8

*Richardson v. Stanley Works, Inc.*,
   597 F.3d 1288 (Fed. Cir. 2010) ..........................................................................................6

*Sport Dimension, Inc. v. Coleman Co., Inc.*,
   820 F.3d 1316 (Fed. Cir. 2016) ........................................................................................13

*Vigil v. Walt Disney Co.*,
   232 F.3d 911 (Fed. Cir. 2000) ............................................................................................5

# TABLE OF AUTHORITIES
### (Cont'd)

**Page No(s).**

## OTHER AUTHORITIES

Fed. R. Civ. P. 12 ................................................................................................................5, 6

31743859

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY OF ISSUES TO BE DECIDED

This Court should dismiss the design patent claims asserted in Nikola's Third Amended Complaint ("TAC") with prejudice. The TAC lacks any allegations about how the *ornamental* aspects of Tesla's semi-truck design (the "Tesla Semi") are the same as the ornamental features claimed in the patents-in-suit. The law requires a comparison of the claimed ornamental features with the accused design. The TAC offers none.

This flaw in the TAC is unsurprising because even a casual comparison between the ornamental features of the claimed designs and the Tesla Semi reveals that no ordinary observer could confuse the two designs. Indeed, comparing the claims with the Tesla Semi demonstrates that the claimed ornamental designs and the accused designs are plainly dissimilar. To state a claim for design patent infringement, Nikola must allege facts demonstrating substantial similarity between the ornamental features of the Tesla Semi and the ornamental features claimed in the patents-in-suit. Nikola has not done so, and cannot do so.

Dismissal with prejudice is appropriate under these circumstances. Courts regularly dismiss design patent claims *with prejudice* where, as here, the two designs are sufficiently distinct such that amending the complaint would be futile. A side-by-side comparison between the relevant aspects of Nikola's claims and the Tesla Semi demonstrates that they are plainly and fundamentally dissimilar. Because of the striking dissimilarities, amending the TAC would be futile and Nikola's TAC should be dismissed with prejudice.

## II. FACTUAL BACKGROUND

On November 16, 2017, Tesla unveiled its Tesla Semi, an all-electric semi-truck. Tesla expects to begin delivering Tesla Semis in the near future.  Nikola's TAC alleges that the Tesla Semi infringes three design patents that claim designs for various parts of a vehicle. The patents-in-suit are: U.S. Pat. Nos. D816,004 (the "D'004 patent"), D811,944 (the "D'944 patent"), and D811,968 (the "D'968 patent").

As shown below, however, the design of these features in the Tesla Semi is so different from the ornamental designs claimed in Nikola's patents that Nikola cannot plausibly allege that

they are confusingly similar. The only similarities alleged in the TAC are functional. When such functional features are disregarded, as they must be for evaluating infringement of a design patent, the designs are plainly dissimilar.

### III. LEGAL STANDARD

#### A. Pleading Design Patent Infringement

An accused product infringes a design patent when "an ordinary observer, familiar with the prior art designs, would be deceived into believing that the accused product is the same as the patented design." *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1302-04 (Fed. Cir. 2010) (citing *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 681 (Fed. Cir. 2008)). The ordinary observer is an "ordinary purchaser of the article charged to be an infringement." *Goodyear Tire & Rubber Co. v. Hercules Tire & Rubber Co., Inc.*, 162 F.3d 1113, 1116-17 (Fed. Cir. 1998), *abrogated on other grounds*, *Egyptian Goddess*, 543 F.3d 665. In conducting its analysis, a court conducts a side-by-side visual comparison. *See Crocs*, 598 F.3d at 1306-07; *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015). "There can be no infringement based on the similarity of specific features if the overall appearance of the designs are dissimilar." *OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997).

#### 1. Where the Designs are Sufficiently Distinct, Dismissal is Appropriate

In some cases, "the claimed design and the accused design will be sufficiently distinct that it will be clear without more that the patentee has not met its burden of proving the two designs would appear 'substantially the same' to the ordinary observer." *Egyptian Goddess*, 543 F.3d at 678. "Where the claimed and accused designs are sufficiently distinct and plainly dissimilar, the patentee fails to meet its burden of proving infringement as a matter of law." *Ethicon*, 796 F.3d at 1335 (quotations omitted). In *Ethicon,* the Federal Circuit upheld summary judgment of non-infringement of a design patent for a surgical device. The Federal Circuit held that the claimed design and the accused device, shown below, were plainly dissimilar. (Note that the patent did not claim the features in dashed lines– the patent claimed only the handle and the rotatable knob.)

/ / /

/ / /



District courts also routinely dismiss claims for design patent infringement under Rule 12(b)(6) for same reason. For example in *Performance Designed Prods. LLC v. Mad Catz, Inc.*, No. 16cv629, 2016 WL 3552063, at *4 (S.D. Cal. June 29, 2016), the court granted a motion to dismiss claims for design patent infringement involving a video game controller, reasoning that, 'the two designs are not 'substantially the same' and an ordinary observer would not be deceived into believing that the accused product is the same as the patented design." Below is a side-by-side comparison of the patented design and the accused devices that he court found to be plainly dissimilar as a matter of law.



*See also Colida v. Nokia, Inc.*, 347 Fed. App'x 568, 571 (Fed. Cir. 2009) (unpublished decision); *Vigil v. Walt Disney Co.*, 232 F.3d 911 (Fed. Cir. 2000) (unpublished table decision); *NuVasive, Inc. v. Alphatec Holdings, Inc.*, No. 18-CV-347, 2018 WL 2734881, at *4 (S.D. Cal. May 14, 2018).

### 2. A Design Patent Protects Only Ornamental Features

"[A] design patent, unlike a utility patent, limits protection to the ornamental design of the article." *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1293 (Fed. Cir. 2010) (citation omitted). Where a claim contains both ornamental and functional aspects, the court must separate them, because the scope of the design claim "must be construed in order to identify the non-functional aspects of the design as shown in the patent." *Richardson*, 597 F.3d at 1293. The scope "must be *limited to the ornamental aspects of the design, and does not extend to the broader general design concept*." *Ethicon*, 796 F.3d at 1333 (internal quotations omitted) (emphasis added). As a result, "[d]esign patents have almost no scope" and are "limited to what is shown in the application drawings." *In re Mann*, 861 F.2d 1581, 1582 (Fed. Cir. 1988). Further, the broken lines in the drawing views represent unclaimed portions of the article and form no part of the claimed design. *Contessa Food Prod., Inc. v. Conagra, Inc.*, 282 F.3d 1370, 1378 (Fed. Cir. 2002), abrogated by *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008) ("If features appearing in the figures are not desired to be claimed, the patentee is permitted to show the features in broken lines to exclude those features from the claimed design, and the failure to do so signals inclusion of the features in the claimed design.")

### B. Materials Considered In A Motion To Dismiss

"[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Harris v. Amgen, Inc.*, 770 F.3d 865, 874 (9th Cir. 2014). The Federal Circuit has confirmed that a court may consider photographs of the accused products when ruling on a motion to dismiss a design patent infringement claim. *Anderson v. Kimberly-Clark Corp.*, 570 Fed. App'x 927, 932 (Fed. Cir. 2014).

/ / /

/ / /

/ / /

/ / /

# IV. ARGUMENT

## A. Nikola Fails to State a Claim for Infringement of the D'004 Patent

### 1. The Shape of the Tesla Semi Door is Plainly Dissimilar From the Ornamental Door Design Claimed in the D'004 Patent

The D'004 patent claims the ornamental shape of a vehicle door. Nikola's TAC does not, and cannot, plausibly allege that the shape of the door on the Tesla Semi's is confusingly similar to the ornamental shape of the D'004 patent. As shown below, the designs are plainly dissimilar.

| D'004 Patent Design[2] | Accused Tesla Design[3] |
|---|---|
| *Diagram of door design with annotations: "Sloped Top Portion", "More Sloped Portion", "Rounded Corners"* | *Photograph of Tesla Semi door with annotations: "Flat Top Portion, No Slope", "No Second Slope", "Hard Corners"* |
| *Diagram with annotation: "Follows The Contours Of The Fuselage"* | *Photograph with annotations: "Tesla Door Contours Different From Claimed Design", "Indent Absent In Claimed Design"* |

As shown above, the Tesla Semi's door is a rectangle, while the door of the D'004 patent is not. From the top right to the top left, the D'004 door includes a sloped portion, followed by an

---

[2] (See FAC, Ex. 4 at Figs. 1, 4.)
[3] These photographs are authenticated by the Luecht Declaration (*see* Luecht Decl., Dkt 26-1 at ¶¶ 2-3, Ex. A). Additional comparisons, including to figures from the FAC, are included in the Makker Declaration (*see* Makker Decl., Dkt 26-3 at Ex. 5).

1  even more sloped portion. By contrast, the Tesla Semi's door is simply flat across the top with the
2  top edge of the door running virtually parallel to the bottom edge of the door. The Tesla Semi's
3  door also has sharp corners, whereas the corners are rounded in the claimed design. Further, the
4  claimed door is shaped to follow the contours of the fuselage, as most clearly seen in Figures 1 and
5  5 of the D'004 patent. The Tesla Semi's door follows the contours of its fuselage as well, but the
6  differences in the fuselages make the designs of the doors even more dissimilar. The Tesla Semi's
7  door has a deep indentation that runs through the horizontal of the door. This distinct indentation
8  is wholly absent in the claimed design.

9  These obvious differences would be readily apparent to an ordinary observer. Thus, an
10 ordinary observer would "not be deceived into believing that the accused product is the same as
11 the patented design." *Mad Catz*, 2016 WL 3552063, at *4.

12 **2.   Nikola's D'004 Patent Infringement Claims Should Be Dismissed With
13        Prejudice Because Amendment Would Be Futile.**

14 Dismissal of this claim should be with prejudice because the glaring dissimilarities between
15 the two designs preclude Nikola from meeting its pleading standard even if amendment were
16 allowed. *SeeNuVasive*, 2018 WL 2734881 at *4 ("[B]ecause the plain distinctions between the two
17 designs would render amendment futile, the dismissal is with prejudice.").

18 **B.   Nikola Fails To State A Claim For Infringement Of The D'944 Patent**
19      **1.   The Ornamental Aspects Of The Tesla Semi's Fuselage Are Plainly
20           Dissimilar From Nikola's Claimed Design**

21 Nikola fails to state a claim for infringement of the D'944 patent because the TAC does not
22 allege facts that plausibly demonstrate similarities between the patent's claims and the ornamental
23 features of the Tesla Semi's fuselage.  Side-by-side comparisons of the top, rear, front, and side
24 views of the Tesla Semi fuselage with the design claimed in the D'944 patent demonstrates the
25 two are so substantially different that Nikola cannot plausibly allege a viable infringement claim.
26 / / /
27 / / /
28 / / /

a.  **Top And Rear Views Demonstrate Dissimilarities In Fuselage Designs.**



As the above comparison shows, the striking dissimilarity between the two fuselage designs is undeniable when viewed from the back and top—*i.e.*, the two views Nikola omitted from its TAC. These views confirm that there can be no infringement. First, the top view demonstrates that, in the patented design, the back edge of the top surface of the fuselage is a straight line. In stark contrast, the back edge of the top surface of the Tesla Semi is deeply curved rather than straight.

Second, the rear view shows that the back surface of the claimed design is flat and encloses the fuselage. The Tesla Semi, on the other hand, does not have a flat surface on the rear of the fuselage. Instead, the rear of the Tesla Semi's fuselage is concave, revealing the mechanical

---

[4] (*See* FAC, Ex. 2 at Figs. 2, 6.)
[5] (See Luecht Decl., Dkt 26-1 at ¶¶ 2-3, Ex. A.) *See also supra* note 4.

structures that reside within the portion of the fuselage defined by the deep curve. These differences in the rear of the two fuselage designs are readily apparent to even a casual observer.

### b. Front Views Of Fuselage Designs Further Illustrate Dissimilarities.

A head-on view shows even more fundamental differences between the two fuselage designs:



| D'944 Patent Design[6] | Accused Tesla Design[7] |

The front of the claimed fuselage has a distinctive "v"-shape outlined in blue above. This "v"-shaped section includes a flat central portion, and two cut-out side portions (on the left and right) that are angled upward and away from the central portion. The front of the Tesla Semi's fuselage is very different. There is no "v"-shaped section at all. Instead, the front of the fuselage is straight and uniform across its entire width.

Nikola's TAC ignores all of these distinguishing characteristics of the two fuselage designs, basing its entire infringement claim *only* on conclusory allegations about the "continuous line from the front of the vehicle through the roof." (TAC at ¶¶ 21, 81-82.) But "[t]here can be no infringement based on the similarity of specific features if the overall appearance of the designs are dissimilar." *OddzOn*, 122 F.3d at 1405.

/ / /

/ / /

---

[6] (*See* FAC, Ex. 2 at Fig. 5.)
[7] (*See* Luecht Decl., Dkt 26-1 at ¶¶ 2-3, Ex. A.) *See also supra* note 4.

      **c.**      **Even Nikola's Preferred Side View Confirms The Fundamental Distinctions Between Fuselage Designs.**

The discussion above establishes the plain dissimilarity between the two designs. But even when the designs are viewed only from the side—as Nikola does in the TAC—they are still plainly dissimilar. To start, an ordinary observer would immediately recognize the differences in the outlines of the two designs, shown in purple in the pictures below.

| D'944 Patent Design[8] |
| --- |
|  |
| Accused Tesla Design[9] |

/ / /

---

[8] (*See* FAC, Ex. 2 at Fig. 4.)
[9] (*See* Luecht Decl., Dkt 26-1 at ¶¶ 2-3, Ex. A.) Additional comparisons, including to figures from the FAC, are in the Makker Declaration (*see* Makker Decl., Dkt 26-3 at Ex. 6.).

Even beyond the differences in overall shape, specific differences would also be readily apparent to an ordinary observer. For example:

- At the lower right corner of the patented design, the rear and the bottom of the fuselage meet at a right angle. In the Tesla Semi, the rear and bottom never meet at all, much less at a right angle. Instead, they are connected by an intermediate structure angled 45° relative to the rear and bottom.
- The claimed design also requires a notched indentation at the base of the windshield. The Tesla Semi does not have any corresponding indentation.
- Following the line in the claimed design from the beak-like point in the front along the roof toward the rear of the fuselage, it is readily apparent that the large radius of curvature of this line causes the fuselage to extend far beyond the windshield. This design creates a much larger fuselage and cabin in the horizontal direction than the Tesla design, which has a much smaller radius of curvature, allowing for a shorter fuselage. (*See* TAC at ¶¶ 40, 85.)
- Moreover, from the rear to the front wheel, the claimed fuselage is straight and sits at a distance above the ground. The Tesla Semi's fuselage sits close to the ground.

These distinctions—particularly when considered along with the distinctions readily apparent from the top, rear, and front views—demonstrate that an ordinary observer would not be deceived into thinking the two designs are the same. This claim should be dismissed with prejudice.

### 2. **Nikola's D'944 Patent Infringement Claims Should Be Dismissed With Prejudice Because Amendment Would Be Futile**

Because the design of Tesla Semi's fuselage is plainly dissimilar from any ornamental features of the design of the D'944 patent, dismissal should be with prejudice. Further, Nikola should not be permitted to amend its allegations because amendment would be futile.

### C. **Nikola Fails To State A Claim For Infringement Of The D'968 Patent**

Like the other two patents-in-suit, the TAC lacks allegations plausibly demonstrating similarities between the Tesla Semi's windshield and the non-functional design features claimed

///

1  in the D'968 patent. Consequently, the claim for alleged infringement of the D'968 patent also
2  must be dismissed. *NuVasive*, 2018 WL 2734881, at *3.
3       The scope of the D'968 patent is extremely narrow because Nikola has filed a utility
4  application for a "Wrap Around Vehicle Windshield." (*See* Makker Decl., Dkt 26-3 at Ex. 4 (U.S.
5  Pat. App. Pub. 2018/0001942A1)).) A court may consider utility patents to determine whether
6  functional aspects of a design should not be considered ornamental. *See, e.g.*, *Sport Dimension,*
7  *Inc. v. Coleman Co., Inc.*, 820 F.3d 1316, 1322 (Fed. Cir. 2016). The figures of Nikola's utility
8  application are similar to those in the patents-in-suit, and the application explains the utility and
9  functionality of the windshield design. (*See, e.g.*, Makker Decl., Dkt 26-3 at Ex. 4 at [0036] ("It
10 should further be noted that a continuous wraparound windshield 110 can greatly enhance the
11 aerodynamics of the vehicle 100.").) Accordingly, the scope of the D'968 patent should be
12 construed as exceedingly narrow. *See, e.g.*, *Sport Dimension*, 820 F.3d at 1323.

     **1.   Nikola's Claim For Infringement Of The D'968 Patent Fails Because The
            Tesla Semi's Windshield Is Plainly Dissimilar From the D'968 Patent**

     Considering the appropriate scope of the D'968 patent, to the extent there is ornamentation
in the claimed design, the ornamentation of the two windshields are entirely dissimilar:



| D'968 Patent Design[10] | Accused Tesla Design[11] |

---

[10] (*See* FAC, Ex. 3 at Fig. 5.)
[11] (*See* Luecht Decl., Dkt 26-1 at ¶¶ 2-3, Ex. A.) *See also supra* note 4. Additional comparisons, including to figures from the FAC, are included in the Makker Declaration (*see* Makker Decl., Dkt 26-3 at Ex. 7).



As shown above, the claimed windshield is a single, continuous, glass panel that extends from the left side of the truck, across the front, and terminates on the right side of the truck. There are no breaks or discontinuities in the panel anywhere along its length. By contrast, the Tesla Semi's windshield is discontinuous. It has four breaks which create five separate glass panels. As in the photographs above, the first panel is on the front side of the truck and is rectangular in shape. This first panel has left and right boundaries defined by the two, thick, vertical black structures located where the front of the truck meets the side of the truck. The second and third panels are cone-shaped and are located on the left and right sides of the truck, immediately behind the two, thick, vertical black structures. Their front boundaries are defined by the same two, thick, vertical black structures, and their rear boundaries are defined by the two, thin, vertical black structures located just in front of the Tesla Semi's cab doors.  Finally, the fourth and fifth panels are located directly behind the second and third panels. Their boundaries are defined by the same two, thin, vertical black structures and they extend backwards to the end of their glass surface. Moreover, when viewed from the front, the claimed design has a very short vertical dimension, especially relative to its environment. By contrast, the front pane of glass in the Tesla Semi is huge, immediately drawing the attention of any observer.

The Tesla Semi's windshield further differs from the claimed windshield because it is ornamented with five lights along the top of the front glass panel. This is in stark contrast to the claimed design, which lacks any ornamentation within the boundaries of its glass panel.

/ / /

/ / /

In light of these clear and substantial differences, the Tesla Semi cannot infringe the D'968 patent and this claim should be dismissed with prejudice as any amendment would be futile. *See, e.g.*, *NuVasive*, 2018 WL 2734881, at *3-4.

## V. CONCLUSION

For the reasons stated above, the Tesla Semi design does not infringe any of the design patents asserted by Nikola, and no manner of amendment to the TAC will change that. Tesla respectfully requests that the Court dismiss the design patent claims of the TAC with prejudice.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR LLP

Date: November 21, 2019

By: */s/ Lauren Keller Katzenellenbogen*
    Michael K. Friedland
    Lauren Keller Katzenellenbogen
    Adam B. Powell
    Kimberly A. Kennedy

Attorneys for Defendant
TESLA, INC.