1  Leo R. Beus *(pro hac vice)*
   L. Richard Williams *(pro hac vice)*
2  K. Reed Willis *(pro hac vice)*
   BEUS GILBERT PLLC
3  Attorneys at Law
   701 North 44th Street
4  Phoenix, Arizona  85008-6504
   Telephone:  (480) 429-3000
5  Facsimile:   (480) 429-3001
   Email:   lbeus@beusgilbert.com
6            rwilliams@beusgilbert.com
            rwillis@beusgilbert.com
7
   Allan Steyer (State Bar No. 100318)
8  Donald Scott Macrae (State Bar No. 104663)
   Jill K. Cohoe (State Bar No. 296844)
9  STEYER LOWENTHAL BOODROOKAS
    ALVAREZ & SMITH LLP
10 235 Pine Street, 15th Floor
   San Francisco, California 94104
11 Telephone:   (415) 421-3400
   Facsimile:    (415) 421-2234
12 E-mail:    asteyer@steyerlaw.com
              smacrae@steyerlaw.com
13            jcohoe@steyerlaw.com

14 Attorneys for Plaintiff
   Nikola Corporation

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| Nikola Corporation, a Delaware corporation,<br><br>           Plaintiff,<br><br>v.<br><br>Tesla, Inc., a Delaware corporation,<br><br>           Defendant. | Case No. 3:18-CV-07460-JD<br><br>**NIKOLA CORPORATION'S OPPOSITION TO TESLA, INC.'S REVISED RENEWED MOTION TO DISMISS COUNTS I-III OF THIRD AMENDED COMPLAINT**<br><br>Date:       January 16, 2020<br>Time:       10:00 a.m.<br>Location:  Courtroom 11<br>Judge:      Hon. James Donato |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................... 1
II. FACTUAL BACKGROUND .................................................................................... 2
    A. NIKOLA DEVELOPED AN INNOVATIVE SEMI-TRUCK DESIGN. ........... 2
    B. NIKOLA PROTECTED ITS DESIGN BY APPLYING FOR DESIGN PATENT PROTECTION. ........................................................................... 3
    C. TESLA LAUNCHED ITS SEMI AFTER NIKOLA RAISED CONCERNS ABOUT INFRINGEMENT. ............................................................. 3
    D. ORDINARY OBSERVERS SAID THAT THE TESLA SEMI WAS SUBSTANTIALLY SIMILAR TO NIKOLA'S DESIGN. ................................. 4
III. LEGAL AUTHORITY ............................................................................................. 4
IV. ARGUMENT ........................................................................................................... 6
    A. AFTER TESLA UNVEILED ITS SEMI TRUCK, ORDINARY OBSERVERS BELIEVED IT WAS NIKOLA'S DESIGN. ............................... 6
    B. THE COMPLAINT PLAUSIBLY ALLEGES THAT THE TESLA SEMI IS SUBSTANTIALLY SIMILAR TO NIKOLA'S DESIGN PATENTS. .......... 8
        1. The Complaint plausibly alleges that Tesla's windshield is substantially similar to the D'968 Patent. ................................................. 9
        2. The Complaint plausibly alleges that Tesla's fuselage is substantially similar to the D'944 Patent. ............................................... 10
        3. The Complaint plausibly alleges that Tesla's door is substantially similar to the D'004 Patent. ...................................................... 13
V. CONCLUSION ...................................................................................................... 15

# TABLE OF AUTHORITIES

Page

**Cases**

*AirHawk Int'l LLC v. TheRealCraigJ LLC*, No. 16-cv-624-JVS-KESx, 2016 WL 9584008, at *3 (C.D. Cal. Aug. 1, 2016) ................................................................................ 7

*Amini Innovation Corp. v. Anthony California, Inc.*, 439 F.3d 1365, 1371 (Fed. Cir. 2006) ...... 10

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ................................................................................ 5

*Battle Sports Sci., LLC v. Shock Doctor, Inc.*, 225 F. Supp. 3d 824, 836 (D. Neb. 2016) ............ 6

*Bobcar Media, LLC v. Aardvark Event Logistics, Inc.*, No. 16-cv-00885 (JPO), 2017 WL 74729, at *5 (S.D.N.Y. Jan. 4, 2017) ................................................................................ passim

*Boost Oxygen, LLC v. Rocket Oxygen*, No. 16-cv-1992 (VLB), 2017 WL 10768482, at *2 (D. Conn. March 21, 2017) ................................................................................................ 7

*Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1306-07 (Fed. Cir. 2010) ............................ 6

*Deckers Outdoor Corp. v. J.C. Penny Co. Inc.*, 45 F. Supp. 3d 1181, 1186 (C.D. Cal. 2014) ................................................................................................................................ 6

*Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 670 (Fed. Cir. 2008) ......................... 2, 13

*Enerlites, Inc. v. Century Produs. Inc.*, No. SACV 18-839 JVS (KESx), 2018 WL 4859947, at *3 (C.D. Cal. Aug. 13, 2018) ................................................................................ 5

*Five Star Gourmet Foods, Inc. v. Ready Pac Foods, Inc.*, No. 5:18-cv-2436 DDP (KKx), 2019 WL 1260634, at *3 (C.D. Cal. Mar. 18, 2019) ................................................................ 5

*Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1362 (Fed. Cir. 2013) ..................................... 6

*Jenny Yoo Collection, Inc. v. Essence of Australia, Inc.*, No. 17-cv-2666-JAR-GLR, 2018 WL 3744060, at *3 (D. Kan. Aug. 7, 2018) ................................................................................ 5

*Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) ....................................................... 5

*Puma SE v. Forever 21, Inc.*, No. CV17-2523 PSG Ex, 2017 WL 4771004, at *3 (C.D. Cal. June 29, 2017) ................................................................................................................ 2, 10

*Rapha Products Group, LLC v. Skullcandy, Inc.*, No. 1:10-cv-3388-JEC, 2012 WL 13005372, at *3 (N.D. Ga. Aug. 13, 2012) ................................................................................ 5

*simplehuman, LLC v. iTouchless Housewares and Products, Inc.*, No. 19-cv-02701, 2019 WL 5963245, at *2 (N.D. Cal. Nov. 13, 2019) ................................................................ 5, 9, 14

*Sport Dimension, Inc. v. Coleman Co.*, 820 F.3d 1316, 1322 (Fed. Cir. 2016) .......................... 10

*Sugarfina, Inc. v. Bouquest Bar, Inc.*, No. SACV-18-01305-CJC (DFMx), 2018 WL 6844720, at *5 (C.D. Cal. Oct. 9, 2018) ................................................................... 2, 4, 7, 8

**Statutes**

ii

NIKOLA CORPORATION'S OPPOSITION TO TESLA, INC.'S REVISED RENEWED MOTION TO DISMISS
COUNTS I-III OF THIRD AMENDED COMPLAINT                    CASE NO. 3:18-CV-07460-JD
1770068.1 - NIKOLA.TESLA

35 U.S.C. § 289 .................................................................................................................1, 5

## I. INTRODUCTION

Nikola Corporation designed an alternative fuel semi truck with a wrap windshield, a sleek fuselage, and a mid-entry door. And on December 30, 2015, Nikola applied for design patent protection of its innovative design. Nikola's design efforts yielded six different patents, three of which are at issue in this case: (1) U.S. Pat. D811,968 (the "D'968 Patent" or the "Wrap Windshield Patent"); (2) U.S. Pat. D811,944 (the "D'944 Patent" or the "Fuselage Patent"); and (3) U.S. Pat. D816,044 (the "D'004 Patent" or the "Side Door Patent").

Five months after Nikola applied to protect its innovative design, it published its semi's design – the Nikola One – on its website. By August 31, 2016, Nikola had over 300 orders for 7,000 trucks, totaling $2.3 billion. Three months later, Nikola unveiled the Nikola One prototype, which embodied Nikola's design. Industry insiders praised Nikola's cool and "Tron-like" design, drawing attention to Nikola's features. Nikola's pre-orders jumped to over $6.3 billion.

Eleven months after Nikola's successful unveiling, Tesla displayed its semi truck – the Semi. The Semi created buzz in the industry. A week after the Tesla event, a former executive of a trucking company and current semi truck dealer called Nikola to say that "the Tesla Semi looked like Nikola's design, and asked if Nikola had partnered with Tesla to build semi trucks."[1] Nikola corrected the dealer's confusion between Nikola's design and Tesla's.

The dealer's confusion between Nikola's design and Tesla's was not an outlier. Industry publications and websites noted the similarities between the Nikola One's appearance and the Tesla Semi, going so far as saying, "Like the Nikola, [the Tesla Semi] has a space-age look and feel to it."[2] Given this confusion, Nikola sued Tesla for design patent infringement to protect its intellectual property and keep its marketing channel clear.

Tesla is liable for design patent infringement if it "applies the patented design, or *any colorable imitation* thereof, to any article of manufacture."[3] Courts use the "ordinary observer

---

[1] Third Amended Complaint ("Complaint"), doc. 57, ¶ 74.
[2] *Id.* ¶ 160.
[3] 35 U.S.C. § 289 (emphasis added).

1

test" – whether an ordinary observer in the industry find the two designs "substantially similar."[4] Tesla's motion to dismiss argues that no ordinary observer could find the designs substantially similar because of supposed differences between the two designs. But the Complaint plausibly alleges that ordinary observers find the two designs are substantially similar for two reasons. First, Nikola identified ordinary observers that found the two designs substantially similar, including a former trucking executive and current dealership owner who believed the two designs were so similar that he assumed Nikola had partnered with Tesla. Tesla avoids discussing these allegations because they are fatal to its motion.[5]

Second, the Tesla Semi is not so plainly dissimilar to Nikola's patented designs that an ordinary observer could not plausibly find the designs similar. Differences between the patent and accused product will not destroy a complaint "if, in consideration of the whole design, an ordinary observer views them as substantially the same."[6] Nikola's complaint alleges design <u>elements that an</u> ordinary observer could view as substantially the same, and therefore, sufficiently alleges that Tesla's Semi infringes on Nikola's patents. Thus, Tesla's motion must be denied.

## II. FACTUAL BACKGROUND

### A. NIKOLA DEVELOPED AN INNOVATIVE SEMI-TRUCK DESIGN.

Trevor Milton, the founder of Nikola, sought to revolutionize the trucking industry by developing a zero-emission Class 8 truck and wanted a truck design that stood out as much as its technology.[7] After working on the design for two years, Milton partnered with Steve Jennes – a designer with 25-years of experience.[8] They developed a fuselage design that could be seen a

---

[4] *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 670 (Fed. Cir. 2008).

[5] *Sugarfina, Inc. v. Bouquest Bar, Inc.*, No. SACV-18-01305-CJC (DFMx), 2018 WL 6844720, at *5 (C.D. Cal. Oct. 9, 2018) (denying motion to dismiss design patent claim because individuals "find the products to be substantially the same").

[6] *Puma SE v. Forever 21, Inc.*, No. CV17-2523 PSG Ex, 2017 WL 4771004, at *3 (C.D. Cal. June 29, 2017).

[7] Compl. ¶ 37.

[8] *Id.*, ¶ 38.

half-a-mile away with a wrap windshield and mid-entry door.[9] The Nikola design marked a departure from previous semi truck designs and was unique in the market.

**B.  NIKOLA PROTECTED ITS DESIGN BY APPLYING FOR DESIGN PATENT PROTECTION.**

Nikola protected its unique design by applying for design patents on December 30, 2015. These patent applications covered a wrap windshield that stretched from one side of the truck to the other, the fuselage design and a mid-entry door.[10] On May 9, 2016, while the patents were pending, Nikola released the first picture of the Nikola One, the truck that embodies the patents.[11] Tesla was aware of Nikola's design when it was published. Just seven months later, Nikola unveiled the Nikola One prototype. The industry praised Nikola's cool and "Tron-like" design and placed over $6 billion in pre-orders.[12]

**C.  TESLA LAUNCHED ITS SEMI AFTER NIKOLA RAISED CONCERNS ABOUT INFRINGEMENT.**

At the time Nikola had published and unveiled its design, Tesla had not published the design of its semi truck. On September 22, 2016, Tesla contacted Nikola's chief engineer to invite him to join Tesla's semi truck team.[13] Seven months later, Elon Musk released a teaser image of the Tesla Semi. Five months after that, a Tesla Semi "spy" photo appeared online.[14] Nikola saw the photo and sent Tesla a letter explaining its concern that Tesla may be infringing on Nikola's forthcoming patents. Despite this warning, Tesla unveiled its Semi on November 16, 2017.[15]

///

///

---

[9] *Id.*, ¶¶ 39-42.

[10] *Id.*, ¶¶ 75-81.

[11] *Id.*, ¶¶ 47-48.

[12] *Id.*, ¶¶ 52-55.

[13] *Id.*, ¶ 61.

[14] *Id.*, ¶ 65.

[15] *Id.*, ¶ 67.

**D. ORDINARY OBSERVERS SAID THAT THE TESLA SEMI WAS SUBSTANTIALLY SIMILAR TO NIKOLA'S DESIGN.**

The week after Tesla unveiled its prototype, a truck dealership owner and former trucking executive called Nikola to ask if Nikola had partnered with Tesla because the vehicles looked similar.[16] Quality, a company that focuses on semi truck leases and purchases, reported "Like the Nikola, [the Tesla Semi] has a space-age look and feel to it" and "do[es] so with style."[17] Another industry observer noted there are "similarities" between the two vehicle designs.[18] Nikola retained an automotive design expert that "opined that [the] Tesla Semi overall design, wrap windshield, and mid-entry door are substantially similar to Nikola's patent design."[19]



| **Nikola One** | **Tesla Semi** |

## III. LEGAL AUTHORITY

On a motion to dismiss, dismissal is not proper "where a plaintiff has alleged 'enough facts to state a claim to relief that is plausible on its face.'"[20] To survive a challenge, the complaint's "non-conclusory 'factual content,' and reasonable inferences from that content, must

---

[16] *Id.*, ¶ 139.

[17] *Id.*, ¶ 160.

[18] *Id.*, ¶ 163.

[19] *Id.*, ¶ 115.

[20] *Sugarfina, Inc. v. Bouquet Bar, Inc.*, SACV-18-01305-CJC(DFMx), 2018 WL 6844720, at *3 (C.D. Cal. Oct. 9, 2018) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

4

NIKOLA CORPORATION'S OPPOSITION TO TESLA, INC.'S REVISED RENEWED MOTION TO DISMISS
COUNTS I-III OF THIRD AMENDED COMPLAINT                                CASE NO. 3:18-CV-07460-JD
1770068.1 - NIKOLA.TESLA

be plausibly suggestive of a claim entitling the plaintiff to relief."[21] The Court must accept Nikola's allegations as true.[22]

A party infringes a design patent when an accused product "applies the patented design, or any colorable imitation thereof, to any article of manufacture."[23] Design patent infringement is analyzed from the perspective of the "ordinary observer, familiar with the prior art, [who] would be deceived into believing that the accused design is substantially the same as the patented design."[24] In applying the "ordinary observer" test, "[d]ifferences in design must be evaluated in the context of the design 'as a whole,' rather than in isolation."[25] "[M]inor differences between a patented design and an accused article's design, cannot and shall not, prevent a finding of infringement."[26] Dismissal is generally inappropriate unless "the claimed design and accused product are so plainly dissimilar that it is implausible that an ordinary observer would confuse them."[27] Thus, as long as the complaint plausibly alleges that an ordinary observer would be confused, the motion to dismiss should be denied.[28]

Tesla argues that the Court is required to conduct "a side-by-side visual comparison" on a motion to dismiss, citing *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1306-07 (Fed. Cir. 2010).[29] *Crocs*, however, was not a motion to dismiss case. Rather, *Crocs* was an appeal from an

---

[21] *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009)

[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Jenny Yoo Collection, Inc. v. Essence of Australia, Inc.*, No. 17-cv-2666-JAR-GLR, 2018 WL 3744060, at *3 (D. Kan. Aug. 7, 2018).

[23] 35 U.S.C. § 289.

[24] *Rapha Products Group, LLC v. Skullcandy, Inc.*, No. 1:10-cv-3388-JEC, 2012 WL 13005372, at *3 (N.D. Ga. Aug. 13, 2012).

[25] *simplehuman, LLC v. iTouchless Housewares and Products, Inc.*, No. 19-cv-02701, 2019 WL 5963245, at *2 (N.D. Cal. Nov. 13, 2019).

[26] *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010).

[27] *Five Star Gourmet Foods, Inc. v. Ready Pac Foods, Inc.*, No. 5:18-cv-2436 DDP (KKx), 2019 WL 1260634, at *3 (C.D. Cal. Mar. 18, 2019); *Enerlites, Inc. v. Century Produs. Inc.*, No. SACV 18-839 JVS (KESx), 2018 WL 4859947, at *3 (C.D. Cal. Aug. 13, 2018).

[28] *Bobcar Media, LLC v. Aardvark Event Logistics, Inc.*, No. 16-cv-00885 (JPO), 2017 WL 74729, at *5 (S.D.N.Y. Jan. 4, 2017) (denying a motion to dismiss a design patent case when plaintiff alleges that the designs are "virtually identical"); *Deckers Outdoor Corp. v. J.C. Penny Co. Inc.*, 45 F. Supp. 3d 1181, 1186 (C.D. Cal. 2014).

[29] Revised Renewed Motion to Dismiss, doc. 109, at 4.

International Trade Commission's final determination *after* an evidentiary hearing that the respondents did not infringe Crocs' patents.[30]

On a motion to dismiss, the Court ensures the five elements of a patent infringement pleading are met: "(i) allege ownership of the patent, (ii) name each defendant, (iii) cite the patent that is allegedly infringed, (iv) state the means by which the defendant allegedly infringes, and (v) point to the sections of the patent law invoked."[31] In *Hall*, the Federal Circuit reversed dismissal of a design patent complaint because the complaint included pictures and descriptions of the infringing article and stated "that the resemblance is such as to deceive an ordinary observer."[32] Thus, the plaintiff's assertion of similarity was plausible and "[t]he pleading requirements for design patent infringement were readily met."[33]

## IV. ARGUMENT

Tesla's motion to dismiss fails for two reasons. First, Nikola alleges that ordinary observers thought the designs were substantially similar. Second, the two designs are not so plainly dissimilar that it is implausible an ordinary observer would find the two designs substantially similar. Nikola incorporates by reference Nikola's Opposition to Tesla's Motion to Dismiss and accompanying declaration and exhibits (Doc. 30).

### A. AFTER TESLA UNVEILED ITS SEMI TRUCK, ORDINARY OBSERVERS BELIEVED IT WAS NIKOLA'S DESIGN.

Tesla argues that it is not plausible that ordinary observers could find that the Tesla Semi is substantially similar to Nikola's patents. Yet, Tesla does not even discuss these allegations in its renewed motion to dismiss. Courts routinely deny motions to dismiss when the complaint contains sufficient information (such as side-by-side comparisons) or individuals finding the competing products are substantially similar.[34] The Court should do so here.

---

[30] 598 F.3d at 1301-02.

[31] *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1362 (Fed. Cir. 2013); *see also Battle Sports Sci., LLC v. Shock Doctor, Inc.*, 225 F. Supp. 3d 824, 836 (D. Neb. 2016).

[32] *Hall*, 705 F.3d at 1363.

[33] *Id*.

[34] *Sugarfina, Inc.*, 2018 WL 6844720, at *5 (denying motion to dismiss when complaint contains side-by-side comparisons and individuals found the products to be substantially the same); *see*

In its Complaint, Nikola alleges that ordinary observers found that the Tesla Semi was substantially similar to Nikola's patented designs. For example:

- A former trucking company executive and current trucking dealer called Nikola a week after Tesla launched its vehicle to say that the Tesla Semi looked like the Nikola design and asked if the companies were working together;[35]
- A "world-class automotive design expert that has reviewed and compared Nikola's patents and pictures of the Tesla Semi. . . . has opined that Tesla Semi overall design, wrap windshield, and mid-entry door are substantially similar to Nikola's patented design;[36]
- Quality wrote a report that the Nikola is "a very modern looking truck; surrounded by panoramic windows on all sides with an aero-dynamic design. Drivers can tell instantaneously that this truck is not like ones they've seen before. . . . Like the Nikola [the Tesla Semi] has a space-age look and feel to it. . . . Both the Nikola and Tesla are designed to change the industry for the better by lowering emissions, operating cost per mile, and increasing driver safety over the road. . . . [B]oth trucks accomplish this task and do so with style.";[37]
- Steve Hanley of Teslarati "discuss[ed] Tesla's announcement to build a heavy duty truck and includes a picture of the Nikola One.";[38]
- Douglas Stansfield of Torque news "included a picture of the Nikola One with Tesla logo next to it.";[39]

---

*also AirHawk Int'l LLC v. TheRealCraigJ LLC*, No. 16-cv-624-JVS-KESx, 2016 WL 9584008, at *3 (C.D. Cal. Aug. 1, 2016); *Boost Oxygen, LLC v. Rocket Oxygen*, No. 16-cv-1992 (VLB), 2017 WL 10768482, at *2 (D. Conn. March 21, 2017).

[35] Compl., ¶¶ 17, 74, 139, 161.

[36] *Id.*, ¶ 115.

[37] *Id.*, ¶ 160.

[38] *Id.*, ¶ 157.

[39] *Id.*, ¶ 158.

NIKOLA CORPORATION'S OPPOSITION TO TESLA, INC.'S REVISED RENEWED MOTION TO DISMISS
COUNTS I-III OF THIRD AMENDED COMPLAINT           CASE NO. 3:18-CV-07460-JD
1770068.1 - NIKOLA.TESLA

- Brett Evans for Truck Trend observed that "the [Tesla Semi] looks very similar to another futuristic-propulsion semi concept, the Nikola One.";[40] and
- Timothy J. Seppala of Engadget noted "there are 'similarities' between Nikola's patented design and Tesla's infringing semi design."[41]

When actual people report that an accused article is substantially similar to the patented design, courts deny a motion to dismiss because it can reasonably infer the products are substantially similar.[42] The Court should deny Tesla's motion based on the statements made by the industry insiders identified in Nikola's complaint.

## B. THE COMPLAINT PLAUSIBLY ALLEGES THAT THE TESLA SEMI IS SUBSTANTIALLY SIMILAR TO NIKOLA'S DESIGN PATENTS.

Ignoring the numerous references to ordinary observers finding similarities, Tesla focuses on "differences" it claims make the two designs "plainly dissimilar." Tesla's argument on specific design elements instead of the design's overall appearance misapplies the relevant law.[43] Courts routinely deny motions to dismiss despite differences between the patent and the accused product where the complaint plausibly alleges that the designs are sufficiently similar to deceive an ordinary observer.[44]

*Bobcar Media, LLC v. Aardvark Event Logistics, Inc* is instructive. There, Bobcar held several design patents for promotional vehicles.[45] It sued a competitor, Aardvark, for infringement of these design patents. Despite the apparent differences in the designs, the court allowed the case to go forward because "Bobcar's allegations that the similarity is sufficient to

---

[40] *Id.*, ¶ 159.

[41] *Id.*, ¶ 163.

[42] *Sugarfina, Inc.*, 2018 WL 6844720, at *5.

[43] *E.g.*, *simplehuman, LLC v. iTouchless Housewares & Prod., Inc.*, No. 19-CV-02701-HSG, 2019 WL 5963245, at *2 (N.D. Cal. Nov. 13, 2019) (design patents considered as a whole and not individual elements).

[44] *E.g.*, *Bobcar Media, LLC v. Aardvark Event Logistics, Inc.*, No. 16-CV-885 (JPO), 2017 WL 74729, at *5 (S.D.N.Y. Jan. 4, 2017).

[45] *Id.* at *4-5.

8

deceive an ordinary observer, and that the designs are 'virtually identical' are plausible. At this stage, that is enough."[46]

### 1. The Complaint plausibly alleges that Tesla's windshield is substantially similar to the D'968 Patent.

In an effort to avoid the D'968 Patent, Tesla argues (at 14) that the D'968 Patent requires "a single, continuous, glass panel" and that there "are no breaks or discontinuities in the panel anywhere along its length." But even a casual glance shows that the windshield continues from door panel to door panel, thus creating actual breaks in the glass. Instead, it is the appearance of a single, glass panel from one side of the truck, across the front to the other side that is being claimed in the design.



The overall appearance of the Tesla windshield is substantially similar to the patented design.[47] Both windshields appear to extend from one side of the truck, slope downward across the front of the vehicle and onto the other side of the truck. Both windshields appear to extend on to the doors. Further, the angles of the windshield on the door are similar. The D'968 patent

---

[46] *Id.* at *5.

[47] *Puma SE v. Forever 21, Inc.*, No. CV17-2523 PSG EX, 2017 WL 4771004, at *3 (C.D. Cal. June 29, 2017)

9

shows a lower obtuse angle that slopes to an upper, acute angle on the door. The Tesla Semi also has a lower, obtuse angle the slopes to an upper, acute angle on the door.[48]

Tesla needlessly complicates this analysis by focusing on the placements of the lights and the "ratio" of the windshield. Tesla's emphasis on individual elements divorced from the overall appearance invites procedural error.[49] The design patent does not claim the placement of the lights, just the windshield. As a result of the plain similarities between the windshields, Nikola has plausibly stated an infringement claim of the D'968 Patent.[50]

Tesla also argues that the scope of the patent is very narrow because Nikola has also applied for a utility patent on its windshield. A pending utility patent application, however, does not narrow the design patent's scope "from one that covers the overall ornamentation to one that covers individual elements."[51] Thus, comparing the overall ornamentation of the design patent to the Tesla Semi, Nikola has plausibly alleged that Tesla's windshield is substantially similar to the D'968 Patent.

### 2. The Complaint plausibly alleges that Tesla's fuselage is substantially similar to the D'944 Patent.

Tesla argues that there are fundamental differences between its fuselage design and Nikola's patented design, and, thus, there cannot be any infringement.

Tesla is incorrect. Tesla focuses on a "notch" at the base of the windshield in the D'944 Patent, claiming that the Tesla Semi lacks a corresponding notch. A close inspection of Tesla's own pictures shows there is a notch.[52]

---

[48] Decl. of K. Reed Willis, Doc. 30-2, Exhibit 4 contains additional pictures and comparisons of the Wrap Windshield Patent.

[49] *Amini Innovation Corp. v. Anthony California, Inc.*, 439 F.3d 1365, 1371 (Fed. Cir. 2006) (reversing summary judgment of noninfringement when court conducted an element by element analysis of the design patent and accused product).

[50] *Bobcar Media, LLC*, 2017 WL 74729, at *5.

[51] *Sport Dimension, Inc. v. Coleman Co.*, 820 F.3d 1316, 1322 (Fed. Cir. 2016).

[52] Decl. of K. Reed Willis, Doc. 30-2, Exhibit 5. Additional pictures and comparisons of the Fuselage Patent are contained in Exhibit 5.



Tesla ignores the similarities between the two designs. A bird's eye view of the two designs taper from the rear of the fuselage to the front. The taper has the same slope. Further the windshield sits on top of the bumper.



The Nikola fuselage is one continuous line that from the nose of the vehicle that slopes upward at a steep angle. As the silhouette of the vehicle goes past the windshield and to the top of the cab, the line rounds to a shallow angle. Similarly, the Tesla Semi rises quickly from the nose and rounds out over the top of the vehicle. The silhouette matches Nikola's design.



Tesla also argues that there is no "v"-shaped section on the front of the vehicle. Not true. As required by the patent, the fuselage's appearance does not include the fenders but goes over them. Tesla's nose has a similar shape when excluding the fenders.[53]



Tesla points to a single difference – a flat back versus a curved back – and claims that a "casual observer" would not be confused by the two designs. But this single difference does not make the Tesla Semi plainly dissimilar from the Fuselage Patent.[54]

Importantly, Nikola's design departed from the prior art. Tesla followed Nikola's departure from the prior art.

| Prior Art | Nikola patented design | Tesla |
|---|---|---|
| | | |

---

[53] *Id.*

[54] *Bobcar Media, LLC*, 2017 WL 74729, at *5.

12

When the patented design and the accused product differ greatly from the prior art, there is a greater chance of infringement.[55]

### 3. The Complaint plausibly alleges that Tesla's door is substantially similar to the D'004 Patent.

Tesla argues that it cannot possibly infringe the D'004 Patent because the patented door has "rounded corners" and is not a perfect rectangle, while the Tesla Semi "hard corners" and is a rectangle. Tesla ignores the similarities in the overall appearance of the doors. Specifically, the doors are located in the middle of the cabin, a sharp departure from the prior art. Further, both shapes are generally a rectangle with the width on the horizontal plane and the length on the vertical. Thus, an ordinary observer could find the two doors are substantially similar.[56]



Importantly, courts allow claims of design patent infringement to move forward even when differences do exist between the two designs.[57] *Bobcar* is instructive. The patented design

---

[55] *See Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 676 (Fed. Cir. 2008).

[56] Decl. of K. Reed Willis, Doc. 30-2, Ex. 6 contains more pictures and comparisons of the Mid-Entry Door Patent and the Tesla Semi

[57] *E.g.*, *Bobcar Media, LLC*, 2017 WL 74729, at *5.; *simplehuman, LLC*, 2019 WL 5963245, at *4-5.

13
NIKOLA CORPORATION'S OPPOSITION TO TESLA, INC.'S REVISED RENEWED MOTION TO DISMISS
COUNTS I-III OF THIRD AMENDED COMPLAINT                    CASE NO. 3:18-CV-07460-JD
1770068.1 - NIKOLA.TESLA

had an angular cab and bed.[58] The accused product was rounded and had a different bed.[59] The court allowed the suit to continue because an ordinary observer could find the designs similar.[60]






As another example, the court in *simplehuman, LLC v. iTouchless Housewares and Products, Inc.*, allowed a case involving trash cans to proceed even though the patented design was an oval and the accused product was a rectangle with rounded corners.[61] The court concluded that an ordinary observer may not pay attention to the differences in shape.[62]

Here, Tesla's door and Nikola's patented design focus on the placement of the door compared to the overall truck. The doors also have a similar rectangle shape. Importantly, a design expert has opined that the two designs are similar.[63] As such, the Court should deny Tesla's motion.

///

---

[58] *Bobcar Media, LLC*, 2017 WL 74729, at *5.

[59] *Id.*

[60] *Id.*

[61] No. 19-cv-02701, 2019 WL 5963245, at *4 (N.D. Cal. Nov. 13, 2019).

[62] *Id.*

[63] Compl., ¶ 115.

14

# V. CONCLUSION

Nikola developed and designed an innovative alternative fuel semi-truck. The design features were a break from the prior art. The industry recognized Nikola's design as cool and "Tron-like." Eleven months after Nikola unveiled its prototype, and Tesla became aware of Nikola's design, Tesla unveiled its own semi-truck. Industry observers noticed the obvious similarities between the vehicles. A semi-truck dealer called Nikola to say the Tesla Semi and Nikola One looked similar. Other people identified similarities between the two vehicles.

This is not surprising. The Tesla Semi's design is similar to Nikola's asserted design patents. Nikola's windshield patent stretches from the left door to the right door. The windshield gets larger on the front of the vehicle. The angles of the windshield on the door are acute on the upper end and obtuse on the lower. Tesla's windshield has the same overall appearance. The Tesla door and fuselage also have a similar appearance to Nikola's patented design.

Nikola's Complaint details the individuals that identified the similarities between Tesla's Semi and Nikola's patented design. The Complaint also includes side-by-side pictures and descriptions of how the designs are similar. The Complaint plausibly states that an ordinary observer would find that the Tesla Semi and Nikola's patents are substantially similar. Thus, Nikola adequately pleads a case of patent infringement against Tesla. The Court should deny Tesla's motion to dismiss.

Dated: December 5, 2019  Respectfully submitted,

By  */s/ K. Reed Willis*
K. Reed Willis

**BEUS GILBERT PLLC**
Leo R. Beus
L. Richard Williams
K. Reed Willis

**STEYER LOWENTHAL BOODROOKAS ALVAREZ & SMITH LLP**
Allan Steyer
Donald Scott Macrae
Jill K. Cohoe

Attorneys for Plaintiff Nikola Corporation