Michael K. Friedland (Bar No. 157,217)
michael.friedland@knobbe.com
Lauren Keller Katzenellenbogen (Bar No. 223,370)
Lauren.katzenellenbogen@knobbe.com
Kimberly A. Kennedy (Bar No. 305,499)
kimberly.kennedy@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Adam B. Powell (Bar No. 272,725)
adam.powell@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
12790 El Camino Real
San Diego, CA 92130
Phone: (858) 707-4000
Facsimile: (858) 707-4001

Attorneys for Defendant
TESLA, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| NIKOLA CORPORATION, a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TESLA, INC., a Delaware corporation,<br><br>　　　　Defendant. | Civil Action No. 3:18-cv-7460-JD<br><br>Hon. James Donato<br><br>**TESLA, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNTS I-III OF THIRD AMENDED COMPLAINT**<br><br>Date:　　　　January 16, 2020<br>Time:　　　　10:00 a.m.<br>Location:　　Courtroom 11 |
|---|---|

# I. INTRODUCTION

Nikola's Third Amended Complaint ("TAC") fails to state a claim for design patent infringement. The defect is not a mere technicality of pleading. Nikola cannot fix the complaint by adding a phrase or altering some verbiage—the TAC fails because of the obvious, undisputed, and immutable differences between the Tesla semi and Nikola's patented designs. The Tesla door has a sloped top and a beveled top front corner. In contrast, the Nikola door is an ordinary rectangle. When comparing the top view of the fuselage designs, the Telsa fuselage has a dramatic concave cutout, whereas the Nikola fuselage has a conventional rectangular design. In the side view, the Tesla fuselage has a dramatically beveled lower rear corner that is not present in the patent. The Tesla fuselage extends nearly to the ground, whereas the Nikola design is significantly raised off the ground. Finally, the Tesla windshield has non-transparent breaks not present in Nikola's claimed design. Accordingly, no reasonable fact finder could find that Nikola's asserted design patents are infringed by Tesla's semi design.

Nikola improperly asserts that this Court should ignore these striking dissimilarities and find infringement based on general similarities that have little to do with the ornamental features claimed in the asserted patents, such as "a space-age look and feel." Dkt. 110 at 1. Yet, Nikola's asserted patents do not and cannot claim any semi with a "space-age" design, and such overall similarities are not sufficient to show infringement. *See OddzOn Products, Inc. v. Just Toys, Inc*, 122 F.3d 1368, 1405 (Fed. Cir. 1997) (rejecting patentee's "contention that overall similarity of the 'rocket like' appearance" of a ball design was "sufficient to show infringement.").

Nikola also attempts to avoid dismissal by relying on conclusory statements and out-of-context quotations from the industry and press. However, none of the quoted statements relates to the ornamental features actually claimed in the design patents, and many of the statements were made by people who had never even seen the Tesla semi design or saw only a small teaser image from which it would be impossible to determine any details of the design. Nikola cannot plausibly allege infringement, and this Court should dismiss the design patent claims with prejudice.

///

///

## II. DISMISSAL IS APPROPRIATE WHERE INFRINGEMENT IS IMPLAUSIBLE

Nikola asserts that its claims for design patent infringement are adequately pled because they include the five elements of a patent infringement pleading. Dkt. 110 at 6. However, merely reciting the necessary elements is not sufficient to avoid dismissal. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

Courts routinely grant motions to dismiss in design patent cases where, as here, infringement is implausible. See, e.g., *Colida v. Nokia, Inc.*, 347 F. App'x 568, 571 (Fed. Cir. 2009) (affirming dismissal of claims because "dissimilarities far exceed the similarities"); *SCG Characters LLC v. Telebrands Corp.*, No. CV 15-00374 DDP (AGRx), 2015 WL 4624200, at *5 (C.D. Cal. Aug. 3, 2015) (dismissing claim with prejudice because "the patented design and claimed design are sufficiently distinct that it is clear that [plaintiff] cannot satisfy the ordinary observer test"); *OurPet's Co. v. IRIS USA, Inc.*, No. 1:14 CV 1642, 2015 WL 12780599, at *2-3 (N.D. Ohio Mar. 23, 2015) (dismissing complaint with prejudice after comparing patent drawings to photographs of accused product and finding portions "plainly dissimilar" such that "an ordinary observer would not be induced to buy one supposing it to be the other"); *Anderson v. Kimberly-Clark Corp.*, No. C12-1979RAJ, 2013 WL 9760040, at *2-3 (W.D. Wash. Sept. 25, 2013) (granting 12(c) motion after performing "a side-by-side comparison" and concluding that "[n]o amendment of [the] complaint could overcome the plain differences between [the] claimed design and the accused products.") , *aff'd*, 570 F. App'x 927 (Fed. Cir. 2014); *MSA Prods, Inc. v. Nifty Home Prods., Inc.*, 883 F. Supp. 2d 535, 540-41 (D.N.J. 2012) ("[Plaintiff] is wrong that the Court cannot determine infringement as a matter of law at the motion to dismiss stage. . . . [M]any courts have dismissed claims of design infringement on Rule 12(b)(6) motions where, as a matter of law, the court finds that no reasonable fact-finder could find infringement." (emphasis added)).

### A. Nikola Ignores Obvious Differences Between the Claimed Designs and the Tesla Semi

Nikola argues that this Court should ignore differences in specific design elements identified by Tesla and focus instead in the "design's overall appearance." Dkt. 110 at 8. Nikola's argument is incorrect in at least two ways. First, similarities in overall appearance that are not part of the

claimed design are not relevant to infringement. Second, Nikola cannot "ignore the obvious differences between the claimed and accused products." *NuVasive, Inc. v. Alphatec Holdings, Inc.*, 18-CV-347-CAB-MDD, 2018 WL 2734881, at *3-4 (S.D. Cal. May 14, 2018); *see also FMC Corp. v. Hennessy Indus., Inc.*, 836 F.2d 521, 527-28 (Fed. Cir. 1987) ("[D]ifferences between patented and accused designs are not irrelevant" and should be considered). Moreover, the differences Tesla has identified are significant. The USPTO issued two design patents on Tesla's distinctive cab design for the Tesla Semi over cited prior art from Nikola, including Nikola's asserted door patent. *See* Makker Reply Decl. (Dkt. 35-1) Exs. 11-12.[1]

Nikola's reliance on *Bobcar Media, LLC v. Aardvark Event Logistics, Inc.*, No. 16-CV-885 (JPO), 2017 WL 74729 at *5 (S.D.N.Y. Jan. 4, 2017) is misplaced. Dkt. 110 at 8. Nikola asserts that in *Bobcar*, claims for design patent infringement were allowed to go forward despite the differences that the claimed design "had an angular cab and bed" while the accused product "was rounded and had a different bed." Dkt. 110 at 14. However, as shown below, one of the design patents asserted by *Bobcar* expressly did not claim the cab and bed and showed them in dashed lines. *Bobcar* at *5.



Figure 1 from Bobcar's Asserted Patent – cab and bed are shown in dashed lines

 

---

[1] Tesla requests that the Court take judicial notice of these patents (U.S. Pat. No. D825,391 and U.S. Pat. No. D825,392) under Federal Rule of Evidence 201.

Thus, in *Bobcar* the differences involved unclaimed features. Here, by contrast, the obvious differences are in the features claimed in the asserted patents.

B.  **Nikola's Allegations of Comments on General Similarities in the Designs Are Not Relevant to the Asserted Design Patents or the Accused Design**

Nikola asserts that "ordinary observers" found the designs to be "substantially similar" based on alleged comments from online press and an owner of trucking dealerships. Dkt. 110 at 7. However, none of the similarities noted by these alleged "ordinary observers" relates to any ornamental features claimed in Nikola's asserted patents. The identified similarities include: "a space-age look and feel," "panoramic windows on all sides with an aero-dynamic design," and "a very modern looking truck." *Id.* Yet, Nikola's patents do not entitle Nikola to a monopoly on all modern, space-age looking semis. *See OddzOn*, 122 F.3d at 1405 (claim construction properly limited the scope of the asserted design patent to "its overall ornamental visual impression," rather than to the "broader general design concept of a rocket-like tossing ball."). Similarly, functional features such as the panoramic windows and aero-dynamic design cannot considered in evaluating infringement. *Id.* ("Where a design contains both functional and non-functional elements, the scope of the claim must be construed in order to identify the non-functional aspects of the design . . . .") Nikola's patents are limited to the specific ornamental designs shown in the patents.

Moreover, there is no indication that any of the "ordinary observers" had seen the patents in suit or were familiar with the prior art. Further, many of these alleged "ordinary observers" either had not seen Tesla's accused design at all or had only seen a "teaser" image. *See* TAC ¶¶ 157-160. The "teaser" image shows only a blacked-out front view of the Tesla Semi. *See* Dkt. 35-1 Ex. 10 at 48.) For example, Nikola asserts that a Teslarati article included a picture of Nikola's semi along with a discussion of Tesla's announcement to build a semi. *Id.* In fact, the writer of the Teslarati article had not seen the Tesla semi and stated that the Nikola semi "could be a glimpse of what Tesla's semi may look like." Katzenellenbogen Decl. Ex. A.   Similarly, the Truck Trend article was based on the "teaser" image from which it would be impossible to determine the details of the Tesla design. See Dkt. 35-1 Ex. 10 at 48.

/ / /

Further, contrary to Nikola's assertion, the TAC does not allege that a semi dealer was "confused" between Nikola's design and Tesla's. *See* Dkt. 110 at 1. In fact, the dealer could not have been confused because, according to Nikola's allegation in the Complaint, the dealer knew that the Tesla semi was not the Nikola semi and, having compared the two designs, merely thought they were "similar." TAC ¶ 74, 161. The Engadget article—written after Nikola filed suit—also merely says there are some similarities. But some similarities alone are not enough to survive a motion to dismiss where there are so many glaring dissimilarities. *See, e.g.*, *Colida*, 347 F. App'x at 571 (affirming dismissal of claims because "dissimilarities far exceed the similarities").

Nikola's reliance on an alleged "expert opinion" (Dkt. 110 at 7) is also misplaced. The allegation regarding the expert opinion (TAC ¶ 115) should not be taken as true because it is entirely conclusory and devoid of factual content. *See, e.g., Koehler v. Litehouse, Inc.*, No. CV 12-04055 SI, 2012 WL 6217635, at *2-3 (N.D. Cal. Dec. 13, 2012) (finding statements such as "Dr. Carson opined" to be "conclusory assertions" of the "expert['s] opinion, but makes no statements of fact"); *Corwin v. Conn. Valley Arms, Inc.*, 74 F. Supp. 3d 883, 890 (N.D. Ill. 2014) (finding expert's statements "still too conclusory to survive a Rule 12(b)(6) motion"). The alleged comments about general similarities between the two semis have no bearing on infringement and cannot save Nikola's design patent infringement claims.

## III. THE ORNAMENTAL ASPECTS OF THE TESLA SEMI'S DOOR ARE PLAINLY DISSIMILAR FROM NIKOLA'S CLAIMED DESIGN

It is undisputed that the Tesla door is rectangular with "hard corners," whereas Nikola's claimed door design has a sloping top edge and a beveled, rather than rectangular, top left corner. Dkt. 110 at 13. Nikola asserts that the Court should ignore these obvious differences. Yet, Nikola does not identify any similarities that relate to the ornamentation of Nikola's design.

Nikola first asserts that the doors are similar because both are located in the middle of the cabin. *Id.* The location of the door in the middle of the cabin, however, is entirely functional and cannot be considered in determining infringement. The infringement determination "must be limited to the ornamental aspects of the design, and does not extend to the broader general design concept." *Ethicon Endo-Surgery v. Covidien, Inc.*, 796 F.3d 1312, 1333 (Fed. Cir. 2015) (internal

quotations omitted); *OddzOn*, 122 F.3d at 1405. Nikola's utility patent claims locating the door in the middle of the cabin, thereby confirming that the location of the door is functional. "A utility patent is strong evidence that the features therein claimed are functional." *TrafFix Devices, Inc. v. Mktg. Displays, Inc*., 532 U.S. 23, 29 (2001). Additionally, the TAC explains the functionality of the location of the door: "The mid-entry door provided drivers easier and safer access to the vehicle. Specifically, the door is behind the driver's seat, which eliminates obstacles a driver faces as he or she climbs into a semi-truck . . ." TAC ¶ 42.

Nikola also asserts that the doors are similar because they are both generally rectangular and have a height greater than their width. Dkt. 110 at 13. That similarity, however, is common to many doors, including the ones shown on prior art semis in the TAC. TAC ¶105. The differences identified by Tesla show that the ornamentation of "the claimed and accused designs are 'sufficiently distinct' and 'plainly dissimilar,' [and Nikola] fails to meet its burden of proving infringement as a matter of law." *Ethicon*, 796 F.3d at 1335 (citation omitted).

## IV. THE ORNAMENTAL ASPECTS OF THE TESLA SEMI'S FUSELAGE ARE PLAINLY DISSIMILAR FROM NIKOLA'S CLAIMED DESIGN

Nikola again ignores obvious differences in comparing the Tesla semi's fuselage with Nikola's claimed design. It is undisputed that in the top view, the back of the fuselage in Tesla's semi is deeply concave whereas the Nikola design is a conventional rectangle. Nikola dismisses this difference, citing *Bobcar Media*, 2017 WL 74729 at *5. Dkt. 110 at 12. As discussed above, however, *Bobcar Media* is inapposite because, in *Bobcar,* the differences in the design of the accused vehicles were to parts of the vehicles that were shown in dashed lines and not claimed in one of the asserted patents. It is legal error to ignore differences in features claimed in the figures of the asserted patent. *Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1241 (Fed. Cir. 2009); *Contessa Food Prods., Inc. v. Conagra, Inc*., 282 F.3d 1370, 1378-79 (Fed. Cir. 2002), abrogated on other grounds, *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008).

Nikola also argues that the Tesla has v-shape in front. Dkt. 110 at 12. However, it is apparent from a side-by-side comparison, that the Tesla design has no v-shaped lines similar to the lines in the front view shown in Nikola's patent.

| Tesla Semi<br>(Dkt. 110 at 12 – red line added by Nikola) | D'944 Patent Design (TAC Ex. 2 at Fig. 5<br>– blue highlighting added) |
|---|---|
|  |  |

Nikola further argues that the fuselages are similar when viewed from the side, based on the general similarity that both have a continuous line from the nose of the vehicle toward the top. Dkt. 110 at 11. As discussed above, such general similarities are not sufficient to establish infringement. *OddzOn*, 122 F.3d at 1405. Moreover, as shown in Tesla's opening brief, the shapes of the fuselage designs, even from the sides, are dramatically different. Dkt. 109 at 11. Nikola ignores obvious differences, such as the cut-out in the lower rear corner of the Tesla fuselage. In contrast, Nikola's design has a right angle corner. Nikola also ignores the difference that the Tesla fuselage extends nearly all the way to the ground behind the wheel whereas Nikola's claimed design is raised substantially off the ground (the Nikola design appears to be reached by steps that are shown in dashed lines and not claimed in the asserted patent).

Nikola would have this Court ignore the obvious dissimilarities between the designs and, instead, allow the implausible design patent claim to go forward based on the general design concept of an "aerodynamic design." Taken together, the obvious differences show that the overall claimed design as a whole is substantially dissimilar from the Tesla Semi, and Nikola's claim for infringement should be dismissed.

# V. **THE ORNAMENTAL ASPECTS OF THE TESLA SEMI'S WINDSHIELD ARE PLAINLY DISSIMILAR FROM NIKOLA'S CLAIMED DESIGN**

Nikola also asks this Court to disregard obvious differences in the design of the windshield on the Tesla semi and Nikola's patented design. First, Nikola asks this Court to ignore the difference that the Tesla windshield has breaks and non-transparent portions in the corners. *See* Dkt. 110 at 9. Nikola argues that the D'968 patent does not require a single glass panel but allows for breaks in the glass. Dkt. 110 at 9. The D'968 patent's drawings, however, show a single continuous pane that is otherwise unornamented.[2] Nikola argues that, because the windshield shown in the D'968 patent continues from door panel to door panel, there have to be breaks in the glass. *Id.* The D'968 patent, though, expressly does not claim any break or visible line in the glass at the door. That line is shown only in dashes. Dkt. 26-3 Ex. 3 at 22 (Fig. 4); *cf. Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2012 WL 3071477, at *4 (N.D. Cal. July 27, 2012) (finding patent "specifically disclaims the subject matter shown by the use of broken lines"). The prosecution history confirms that the glass panel is continuous without any intervening structures because the patent examiner objected to the original drawings in the application for the D'968 patent on the grounds that they showed lines through the windshield that may have "represent[ed] structure lines." Nikola responded to that by removing the lines. *See* Dkt. 35-1 Ex. 9 at 30.

Nikola's argument that the D'968 patent does not require a single glass panel asks the Court to ignore the bedrock principle that "[a] patented design is defined by the drawings in the patent....." *KeyStone Retaining Wall Sys., Inc. v. Westrock, Inc.*, 997 F.2d 1444, 1450 (Fed. Cir. 1993); *see also, e.g., Contessa*, 282 F.3d at 1378; *In re Mann*, 861 F.2d 1581, 1582 (Fed. Cir. 1988) ("Design patents have almost no scope. The claim at bar, as in all design cases, is limited to what is shown in the application drawings.").

Second, Nikola argues that Tesla "needlessly complicates" the infringement analysis by identifying differences in the placement of lights and the ratio of the windshield. Dkt. 110 at 10.

---

[2] Nikola's utility patent confirms that the claimed windshield is "a continuous piece of transparent substrate." Dkt. 26-3 Ex. 4 at ¶ [0035] (emphasis added).

But after disclaiming the ornamentation of the lights as shown by depicting them with broken lines above and outside the boundary of its windshield , Nikola cannot now argue that the Tesla Semi's windshield is similar when it is ornamented with lights within the boundary of the windshield. *See* Dkt. 26-3 at 19, 23 (Figs. 1, 5).

Nikola argues that the Tesla windshield is similar to the D'968 patent based on general similarities that both windshields appear to extend from one side of the truck to the other with a downward slope across the front. Dkt. 110 at 9. However, such general similarities are not sufficient for infringement. *See OddzOn*, 122 F.3d at 1405. The scope of the D'968 patent is narrow because Nikola has filed a utility application for a "Wrap Around Vehicle Windshield." (*See* Dkt 26-3 Ex. 4 (U.S. Pat. App. Pub. 2018/0001942A1).) *See, e.g.*, *Sport Dimension*, 820 F.3d at 1322. The figures of Nikola's utility application are similar to those in the patents-in-suit, and the application explains the utility and functionality of the windshield design. (*See, e.g.*, Dkt 26-3 Ex. 4 ¶ [0018] ("Applicant has recognized that it is advantageous to provide a vehicle window or windshield, and particularly a semi-truck windshield, that allows a user to enjoy a wide visual perspective from an interior of the vehicle to the exterior of the vehicle."), ¶ [0035] ("A larger windshield 110 that wraps around the vehicle body 102 forming a continuous piece of transparent substrate can greatly increase the ability of a driver of the vehicle 100 to view obstacles and drive safely."), ¶ [0036] ("It should further be noted that a continuous wraparound windshield 110 can greatly enhance the aerodynamics of the vehicle 100.").) Because the utility patent describes a continuous wraparound windshield as having functional advantages, the scope of the D'968 patent should be construed as exceedingly narrow and limited to the non-functional ornamental features. *See, e.g.*, *Sport Dimension*, 820 F.3d at 1323 ("Because of the design's many functional elements and its minimal ornamentation, the overall claim scope of the claim is accordingly narrow.").

Nikola argues that the utility patent does not transform the design patent from covering overall ornamentation to covering individual elements. Dkt. 110 at 10. However, it is undisputed that the design patent can only cover ornamental features. Thus, similarities in functional features such as the wraparound windshield cannot be the basis for infringement and cannot overcome the obvious differences. Accordingly, Tesla's windshield is plainly dissimilar from the ornamental

features of the Nikola design, and Nikola's claim for infringement should be dismissed.

## VI. <u>NIKOLA CANNOT USE PRIOR ART TO EXPAND THE SCOPE OF ITS CLAIMS</u>

Nikola makes reference to cherry-picked prior art it included in the TAC to improperly argue for broader claim scope than that to which it is entitled. *See* Dkt. 110 at 12, 15-16. These arguments rest on Nikola's misapplication of *Egyptian Goddess* and should be rejected. First, where, as here, "the claimed design and the accused design [are] sufficiently distinct," there is no need to look to the prior art. *Egyptian Goddess*, 543 F.3d at 678. Second, it is the defendant that raises prior art under the ordinary observer test to amplify the importance, to an ordinary observer, of minor differences between the accused and claimed designs. *See id*. at 678-79; see also *Crocs, Inc. v. ITC*, 598 F.3d 1294, 1303 (Fed. Cir. 2010) ("If the claimed design is close to the prior art designs, small differences between the accused design and the claimed design assume more importance to the eye of the hypothetical ordinary observer." (emphasis added) (citation omitted)). As the Federal Circuit noted, the defendant "is the party with the motivation to point out close prior art, and in particular to call to the court's attention the prior art that an ordinary observer is most likely to regard as highlighting the differences between the claimed and accused design." *Egyptian Goddess*, 543 F.3d at 679 (emphasis added). Thus, the Court should reject Nikola's improper attempt to expand its claim scope.

## VII. <u>CONCLUSION</u>

The Tesla designs for the door, fuselage, and windshield have striking dissimilarities from the designs claimed in Nikola's design patents. Thus, no reasonable fact finder could find infringement, and the claims for design patent infringement should be dismissed with prejudice.

<table>
<tr><td></td><td>Respectfully submitted,<br>KNOBBE, MARTENS, OLSON & BEAR LLP</td></tr>
<tr><td>Date: December 19, 2019</td><td>By: <u>/s/ Lauren Keller Katzenellenbogen</u><br><br>Michael K. Friedland<br>Lauren Keller Katzenellenbogen<br>Adam B. Powell<br>Kimberly A. Kennedy<br><br>Attorneys for Defendant<br>TESLA, INC.</td></tr>
</table>

31843398

Reply re Tesla Renewed Mtn to Dismiss    -10-    3:18-cv-7460-JD