UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKOLA CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>TESLA, INC.,<br><br>    Defendant. | Case No. 3:18-cv-07460-JD<br><br>**ORDER RE MOTION TO DISMISS**<br><br>Re: Dkt. No. 109 |

In a third amended complaint (TAC), plaintiff Nikola Corporation has sued defendant Tesla, Inc., for infringement of design and utility patents, and trade dress infringement under the Lanham Act, 18 U.S.C. § 1125. Dkt. No. 57. The claims relate to the "Nikola One," an alternative fuel heavy-duty or "semi" truck that is Nikola's flagship product. Dkt. No. 57 ¶¶ 1-2. The case was transferred from the District of Arizona to this Court. Dkt. No. 70. Tesla filed a motion to dismiss the design patent claims. Dkt. No. 109. This motion is denied.

## BACKGROUND

As alleged in the complaint, Nikola publicly debuted the Nikola One in 2016 as a heavy-duty, long-haul truck powered by a hydrogen fuel cell. Dkt. No. 57 ¶¶ 47-49, 128. The Nikola One was the product of "several million dollars" of investment in design and development. *Id.* ¶ 46. Nikola booked over $2 billion in pre-orders for the Nikola One, and projected at the time of the TAC that the truck will enter into production in 2020. *Id.* ¶¶ 50, 57.

In the course of developing the Nikola One, Nikola applied for several design and utility patents, and obtained the four patents-in-suit in the TAC. *Id.* ¶¶ 75-76. The design patents at issue here are: (1) U.S. Patent No. D811,944 (the D944 patent), which claims the ornamental design of a semi-truck fuselage; (2) U.S. Patent No. D811,968 (the D968 patent), which claims the

1   ornamental design of for a wrap windshield; and (3) U.S. Patent No. D816,004 S (the D004
2   patent), which claims the ornamental design of a side door on a semi-truck.  The utility patent in
3   issue is U.S. Patent No. 10,077,084 (the '084 patent), which recites a device and method for an
4   automobile door or window.  *Id*. ¶¶ 77-80.

5          The TAC alleges that Tesla, a leading competitor of Nikola, unveiled in 2017 a proposed
6   design of its own heavy-duty semi truck that was substantially similar to Nikola's patented
7   designs.  *Id*. ¶¶ 16-19.  The TAC provides a detailed comparison of Tesla's wrap windshield,
8   fuselage, and mid-entry door designs to Nikola's patents, and features a number of side-by-side
9   illustrations to support the claims of similarity.  *See, e.g., id*. ¶¶ 84-115.  The TAC also provides
10  specific facts about Tesla's alleged infringement of the '084 patent, *id*. ¶¶ 116-124, and trade dress
11  infringement, *id*. ¶¶ 125-139.  The design patents, and a pre-filing notice of potential infringement
12  sent by Nikola's counsel to Tesla, are attached to the TAC.  *Id*., Exhs. 1-4.

13         On the basis of these allegations, Nikola contends that an ordinary observer would find
14  Tesla's windshield, fuselage, and door designs to be substantially similar to Nikola's patented
15  designs.  Nikola claims this also constitutes trade dress infringement under 18 U.S.C. § 1125.  For
16  the utility patent, Nikola alleges that the door on the Tesla truck infringes claim 1 of the '084
17  patent literally or under the doctrine of equivalents.

18         Tesla asks to dismiss only the design patent claims under Federal Rules of Civil Procedure
19  Rule 8 and Rule 12(b)(6).  Dkt. No. 109.  It says that an ordinary observer could not confuse the
20  Nikola and Tesla designs.  *See id*. at 3.  Tesla does not challenge the trade dress claim, or the claim
21  for infringement of the '084 patent.

22  **DISCUSSION**

23         The standards governing Tesla's motion are straightforward.  Rule 8 requires a complaint
24  to provide "a short and plain statement of the claim showing that the pleader is entitled to relief."
25  Fed. R. Civ. P. 8(a)(2).  To meet that rule and survive a Rule 12(b)(6) motion to dismiss, a
26  plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*
27  *Corp. v. Twombly*, 550 U.S. 544 (2007).  "A claim has facial plausibility when the plaintiff pleads
28  factual content that allows the court to draw the reasonable inference that the defendant is liable

United States District Court
Northern District of California

1  for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550
2  U.S. at 556). The plausibility analysis is "context-specific" and not only invites, but "requires the
3  reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

4      The detailed allegations in the TAC, particularly the side-by-side visual comparisons of the
5  challenged features, leave no doubt that Nikola has plausibly alleged claims for design patent
6  infringement. A design patent is infringed when "in the eye of an ordinary observer, giving such
7  attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is
8  such as to deceive such an observer, inducing him to purchase one supposing it to be the other."
9  *Egyptian Goddess, Inc., v. Swisa, Inc.*, 543 F.3d 665, 670 (Fed. Cir. 2008) (quoting *Gorham Co. v.*
10 *White*, 81 U.S. (14 Wall.) 511, 528 (1871)). Put more plainly, "[i]nfringement is determined by
11 visual comparison of the pictured design and the accused article." *Hall v. Bed Bath & Beyond,*
12 *Inc.*, 705 F.3d 1357, 1363 (Fed. Cir. 2013) (citing *Gorham*, 81 U.S. at 528). The "'ordinary
13 observer test similarly applies in cases where the patented design incorporates numerous
14 functional elements.'" *Id*. at 1364 (quoting *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288,
15 1295 (Fed. Cir. 2010)). For design infringement purposes, "the ordinary observer is not an expert
16 in the claimed designs, but one of 'ordinary acuteness' who is a 'principal purchaser[]' of the
17 underlying articles with the claimed designs." *Ethicon Endo-Surgery, Inc., v. Covidien, Inc.*, 796
18 F.3d 1312, 1337 (Fed. Cir. 2015) (quoting *Gorham*, 81 U.S. at 528).

19     Nikola has amply satisfied these standards to make out plausible claims of design
20 infringement. The TAC invoked the correct test of substantial similarity to an ordinary observer,
21 *see, e.g.,* Dkt. No. 57 ¶¶ 85, 98, 106, and 114, and pleaded specific facts in support of the claims.
22 The TAC also expressly alleged that a former trucking company CEO contacted Nikola to say that
23 "the Tesla semi looked like the Nikola design." *Id*. ¶ 17. Overall, the TAC identified the proper
24 legal standard, alleged specific facts about infringement, and presented evidence of confusion
25 among likely ordinary observers. Rule 8 requires no more for a design infringement claim. *See*
26 *Hall*, 705 F.3d at 1364.

27     In support of dismissal, Tesla simply invites the Court to eyeball the visual comparisons in
28 the TAC, and conclude that they are "plainly dissimilar," and so not infringing. *See* Dkt. No. 109

United States District Court
Northern District of California

at 4. After careful inspection, the Court cannot say that design elements depicted in the TAC are sufficiently dissimilar to warrant dismissal as a matter of law. In addition, as the Court stated in another design patent dispute, design infringement is primarily a question of fact. *Kenu, Inc., v. Belkin International, Inc.* No. 15-cv-01429-JD, 2018 WL 2445318 at *3 (N.D. Cal. May 31, 2018) (quoting *Richardson*, 597 F.3d at 1295). While that holding was in the context of a summary judgement motion, the principle that design infringement "is a quintessential fact question," *id.*, applies equally to a motion to dismiss. To be sure, there may be circumstances where a complaint shows on its face that an accused article is so dissimilar to the patented design that dismissal under Rule 12(b)(6) would be appropriate. This is not such a case. Whether Nikola will be able to prove up its claims at trial, or in other dispositive proceeding, is a question for another time.

## CONCLUSION

The motion to dismiss is denied. A case management conference is set for October 29, 2020. A joint case management conference statement is due by October 22, 2020.

**IT IS SO ORDERED.**

Dated: September 9, 2020

JAMES DONATO
United States District Judge