Leo R. Beus (*pro hac vice*)
L. Richard Williams (*pro hac vice*)
K. Reed Willis (*pro hac vice*)
**BEUS GILBERT PLLC**
ATTORNEYS AT LAW
701 NORTH 44TH STREET
PHOENIX, ARIZONA 85008-6504
TELEPHONE: (480) 429-3000
E-mail:   lbeus@beusgilbert.com
              rwilliams@beusgilbert.com
              rwillis@beusgilbert.com

Allan Steyer (State Bar No. 100318)
Donald Scott Macrae (State Bar No. 104663)
Jill K. Cohoe (State Bar No. 296844)
**STEYER LOWENTHAL BOODROOKAS
  ALVAREZ & SMITH LLP**
235 Pine Street, 15th Floor
San Francisco, California 94104
Telephone:  (415) 421-3400
Facsimile:   (415) 421-2234
E-mail:   asteyer@steyerlaw.com
              smacrae@steyerlaw.com
              jcohoe@steyerlaw.com

*Attorneys for Plaintiff Nikola Corporation*

[*Additional Counsel on Signature Page*]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| Nikola Corporation, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Tesla, Inc., a Delaware corporation,<br><br>Defendant. | Case No.: 3:18-CV-07460-JD<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:          October 29, 2020<br>Time:         10:00 a.m.<br>Courtroom: 11, 19th Floor<br>Judge:        Honorable James Donato |

Pursuant to the Order Setting Rule 16 Case Management Conference (Dkt. 127), the Standing Order for All Judges of the Northern District of California, dated January 17, 2017, Local Patent Rule 2-1, and Civil Local Rule 16-9, the parties submit the following Joint Case Management Statement.

### 1. Jurisdiction and Service.

This case arises under the Patent Act of the United States of America, 35 U.S.C. § 1 *et seq*. and the Lanham Act, 15 U.S.C. § 1051 *et seq*. This Court has jurisdiction over the Complaint pursuant to 28 U.S.C. §§ 1331, 1338, 2201, 2202, and 35 U.S.C. § 100.

All parties have been served, and neither party is contesting personal jurisdiction or venue.

### 2. Facts.

**Chronology**: This case involves allegations of design patent, utility patent, and trade dress infringement. Nikola alleges that it designed an alternative fuel semi-truck and filed six design patent applications on 30 December 2015. Nikola alleges that on 1 December 2016, it unveiled its prototype in Salt Lake City to a crowd of 600 journalists. On 30 December 2016, Nikola submitted a utility patent application.

On 28 April 2017, Tesla released a teaser photo of its semi-truck design. On 7 November 2017, Nikola sent a letter to Tesla concerning Tesla's semi truck and what Nikola claimed to be potential intellectual property infringement. On 16 November 2017, Tesla unveiled its semi-truck in Hawthorne, California.

Between February and April 2018, the United States Patent and Trademark Office ("PTO") issued six design patents to Nikola. On 1 May 2018, Nikola filed suit against Tesla for patent infringement of three design patents (U.S. Patent No. D811,944; U.S. Patent No. D811,968; and U.S. Patent No. D816,004, collectively "design patents-in-suit"). On 18 September 2018, the PTO issued Nikola a utility patent (U.S. Patent No. 10,077,084, "'084 patent"). On 18 October 2018, Nikola filed its Third Amended Complaint alleging that Tesla infringed the design patents-in-suit, the '084 patent, and Nikola's alleged trade dress.

**Factual Issues in Dispute:** At this stage, the parties believe that the principal factual issues in dispute include: one or more facts related to whether Tesla infringes any of Nikola's asserted patents; one or more facts related to whether such patents are valid and enforceable; one or more facts related to whether Nikola has protectable and enforceable trade dress rights and, if so, whether Tesla infringes the alleged trade dress; and one or more facts related to whether Nikola is entitled to damages or any other relief for any alleged infringement by Tesla and, if so, the amount of any such damages.

This description should not be construed as an admission or adoption by any part of any factual contention alleged by the other party. The parties reserve the right to revise or include any other appropriate issues as they develop or become known to the parties through the course of discovery and investigation.

3. **Legal Issues.**

Nikola asserts that Tesla infringes the design patents-in-suit, the '084 patent, and certain alleged trade dress in Nikola's Nikola One truck. At this stage, the parties believe that the principal legal issues in dispute include: the proper construction of the asserted claims of the design patents-in-suit and the '084 patent; whether Tesla infringes any of the asserted claims of the design patents-in-suit or the '084 patent; whether any of the asserted claims of the design patents-in-suit or the '084 patent are invalid or unenforceable; whether Nikola's alleged trade dress satisfies the legal requirements for protectable trade dress and, if so, whether Tesla infringes the alleged trade dress; if Tesla is found liable for infringement of any valid and enforceable claim of the design patents-in-suit, the '084 patent, or trade dress, the amount of damages, if any, to which Nikola is entitled from Tesla; and whether either Nikola or Tesla is entitled to attorneys' fees and costs, including pursuant to 35 U.S.C. § 285.

These legal issues are not intended to be final or exhaustive, and the parties reserve the right to revise or include any other appropriate issues as they develop or become known to the parties through the course of discovery and investigation.

### 4. **Motions**

*Plaintiff Nikola Corp.*:

Nikola anticipates filing the following motions:

- Motion for Summary Judgment: The motion will address Tesla's affirmative defenses; and
- Motions to Strike Experts: The motion will address any and all shortcomings in any expert used or report submitted by Tesla.

*Defendant Tesla, Inc.*:

Tesla may file one or more of the following motions:

- Motions for Summary Judgment: The motion(s) will address one or more of Nikola's claims for patent and trade dress infringement, Tesla's defenses, and any other defenses properly considered on summary judgment; and
- Motions to Strike or Otherwise Disqualify Experts: The motion(s) will address any and all shortcomings in any expert used or report submitted by Nikola.

### 5. **Amendment of Pleadings**

*Plaintiff Nikola Corp.*:

Nikola may seek leave of Court to amend the pleadings to add additional claims against Tesla based on pending patent applications. Nikola may also seek leave of Court to amend the pleadings or its infringement contentions based on any modification of Tesla's design. Nikola does not expect to add additional parties to the case.

*Defendant Tesla, Inc.*:

Tesla has answered the Third Amended Complaint.

Tesla does not expect to add additional parties to the case.

### 6. **Evidence Preservation.**

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The parties have met and conferred

regarding evidence preservation, and reasonable and proportionate steps taken to preserve evidence.

7. **Disclosures.**

The parties served their initial disclosures on August 8, 2018 and produced documents with their initial disclosures pursuant to the District of Arizona's Mandatory Initial Discovery Pilot program.

8. **Discovery.**

The parties have produced some documents to each other in response to Mandatory Initial Discovery Program in the District of Arizona, but anticipate additional documents being produced. No other discovery has been taken. The parties ask the Court to adopt the following discovery limitations: 25 interrogatories, including subparts, 50 requests for production, including subparts, and 50 requests for admission, including subparts.

The parties agree that each side be allowed 10 depositions, with no deposition lasting more than 7 hours. The parties further acknowledge that the Court allows one deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) with no more than 10 topics proposed for the deposition.

The court in the District of Arizona entered a largely stipulated Protective Order (Dkt. 41), which includes provisions regarding assertions of privilege or work-product. The parties ask that discovery materials in the case continue to be governed by that already-entered Protective Order (Dkt. 41). With respect to paragraph 13 of the Protective Order ("Filing Protected Material"), the parties understand that this Court's local rules and this Court's Standing Order for Civil Cases before Judge James Donato govern the requirements for filing any documents under seal.

**E-Discovery Order:** The parties will jointly submit any proposed modifications to the Court's Standing Order for E-Discovery and Email Discovery in Patent Cases within 30 days after the initial Case Management Conference.

**Discovery Plan:** The parties served their initial disclosures on August 8, 2018.

*Plaintiff Nikola Corp.*: Nikola will seek discovery from Tesla in the nature of e-mails, business records, marketing plans, design drawings, development documents of the Tesla Semi, technical documents, sales and accounting records, financial projections and other financial documents, either stored electronically or in paper form. Nikola will also seek discovery from Tesla regarding any design modifications made after the lawsuit. Nikola anticipates deposing relevant witnesses from Tesla, Inc.  This discovery goes to the central issues of the case, Tesla's infringement of Nikola's patents and trade dress, and damages associated with such infringement.  As alleged in the complaint, Nikola is seeking its lost profits and disgorgement of Tesla's profits.  As such, the amount in controversy is quite large, estimated to be over $2 billion.  Tesla has greater access to this information than Nikola.  In sum, the discovery sought by Nikola is proportional to the needs of the case.

*Defendant Tesla, Inc.*: Tesla will seek discovery from Nikola in the nature of e-mails, business records, marketing plans and market statements, licensing documents and plans, the conception and reduction to practice of the claimed designs and inventions, the prosecution of the patents-in-suit, design drawings, development documents of the claimed designs, the Nikola One, and other Nikola products, technical documents, sales and accounting records, financial projections and other financial documents, documents that otherwise substantiate Nikola's damages claims, either stored electronically or in paper form.  Tesla anticipates deposing relevant witnesses from Nikola Corporation, including the inventors of the patents-in-suit.  Tesla will also seek discovery from third parties regarding prior art to the design patents-in-suit and the '084 patent, which will include documents and potential testimony. This discovery is relevant and proportional to Nikola's infringement and damages claims, as well as Tesla's defenses, including invalidity.  Tesla will also seek additional discovery in connection with its counterclaims.

Discovery should be completed by January 18, 2022.  The parties do not believe discovery should be in phases or limited to particular issues.

The parties do not have any issues about disclosures, discovery, or preservation of electronically stored information.

The parties believe that an order under Federal Rule of Evidence 502(d) is warranted in this case and included it as a term in the Protective Order entered by the District of Arizona (Dkt. 41).

The parties do not have any discovery disputes at this time.

### 9. Class Actions.

This is not a class action case.

### 10. Related Cases.

Tesla filed an *inter partes* review petition challenging Nikola's U.S. Pat. No. 10,077,084. On March 27, 2020, the United States Patent Trial and Appeal Board declined to institute proceedings. Doc. 123.

### 11. Relief.

*Nikola's Position*: Nikola is seeking damages from Tesla, at a minimum, as a reasonably royalty as determined by applicable law. Alternatively, Nikola may seek its lost profits as calculated under applicable law. Nikola is also seeking disgorgement of Tesla's profits under 35 U.S.C. § 289 or 15 U.S.C. § 1117, as determined by applicable law. Specifically, Nikola will base its damages on the revenue or profit that Tesla has gained or Nikola has lost because of Tesla's infringement of Nikola's design and utility patents and trade dress, minus any costs as allowed under applicable law. Lastly, Nikola will seek its attorney's fees and costs under applicable statutes, and other relief the Court deems appropriate

*Tesla's Position*: Tesla denies that Nikola is entitled to any of its requested relief. Tesla asserts that Nikola's claims constitute an exceptional case under both 35 U.S.C. § 285 and 15 U.S.C. § 1117(a) and, accordingly, requests the Court award Tesla costs and reasonable attorneys' fees incurred in connection with this action under this and any other applicable statutes, and such other relief as the Court deems just and proper.

**12.   Settlement and ADR.**

The parties held a mediation before Magistrate Judge Corley, which did not result in a settlement.  Doc. 126.

The parties have complied with ADR Local Rule 3-5 and elected for a private mediation.  The parties believe that discovery necessary to position the parties to negotiate a resolution may include discovery related to the development and design of the parties' vehicles and intellectual property, relevant prior art to the design patents-in-suit and the '084 patent, Nikola's infringement contentions, Tesla's invalidity contentions, and certain limited, relevant, financial information of the parties.  The parties also believe that any claim construction order may help position the parties to negotiate a resolution.

**13.   Consent to Magistrate Judge For All Purposes.**

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14.   Other References.**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.   Narrowing of Issues.**

The parties believe that issues for trial may be narrowed through motions for summary judgment.  The parties do not request bifurcation of any issues, claims, or defenses.

**16.   Expedited Trial Procedure.**

The parties agree that this case is not suitable to be handled under the Expedited Trial Procedure of General Order No. 64.

**17.   Scheduling.**

The parties propose the following schedule as set forth in Exhibit A.

**18.   Trial.**

Both parties timely requested a jury trial with respect to all claims properly triable before a jury.

The parties request a two-week trial, with 5 trial days each week.

**19.    Disclosure of Non-party Interested Entities or Persons.**

The parties have filed or will have filed a Disclosure of Non-party Interested Entities or Persons.  (*See* Dkt. 78)

*Nikola*:  Nikola states, pursuant to Civil L.R. 3-15, that as of this date, other than the named parties, there is no such interest to report.

*Tesla*: Tesla states, pursuant to Civil L.R. 3-15, that as of this date, other than the named parties, there is no such interest to report.

**20.    Professional Conduct.**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

DATED:      October 22, 2020            Respectfully submitted,

By  /s/ K. Reed Willis
   K. Reed Willis

**BEUS GILBERT PLLC**
   Leo R. Beus (Admitted *Pro Hac Vice*)
   lbeus@beusgilbert.com
   L. Richard Williams (Admitted *Pro Hac Vice*)
   rwilliams@beusgilbert.com
   K. Reed Willis (Admitted *Pro Hac Vice*)
   rwillis@beusgilbert.com
   701 North 44th Street
   Phoenix, AZ  85008-6504
   T:  480-429-3000 | F:  480-429-3001

**STEYER LOWENTHAL BOODROOKAS ALVAREZ & SMITH LLP**
   Allan Steyer (State Bar No. 100318)
   asteyer@steyerlaw.com
   Donald Scott Macrae (State Bar No. 104663)
   smacrae@steyerlaw.com
   Jill K. Cohoe (State Bar No. 296844)
   jcohoe@steyerlaw.com

   Attorneys for Plaintiff Nikola Corporation


By  /s/ Michael K. Friedland
   Michael K. Friedland

**KNOBBE MARTENS OLSON & BEAR LLP**
Michael K. Friedland
Lauren Keller Katzenellenbogen
Adam B. Powell
Kimberly A. Kennedy

Attorneys for Defendant
TESLA, INC.

## **ATTESTATION**

I, Jill K. Cohoe, am the ECF user whose user *ID* and password authorized the filing of this Document. Under Civil L.R. 5-1(i)(3), I attest that all signatories to this document have concurred in this filing.

Dated:  October 22, 2020                         /s/     Jill K. Cohoe

# EXHIBIT A

| MATTER | DEADLINE | PLAINTIFF(S) REQUEST | DEFENDANT(S) REQUEST |
|---|---|---|---|
| Disclosure of Asserted Claims and Infringement Contentions and Document Production Accompanying Disclosure (N.D. Patent L.R. 3-1(a)-(h) to 3-2(a)-(e)). | Scheduling Conference Date plus fourteen (14) days (N.D. Patent L.R. 3-1 and 3-2). | November 13, 2020 | |
| Last Day to File Motions to Add Parties and Amend Pleadings | Scheduling Conference Date plus sixty (60) days. | January 8, 2021 | |
| Disclosure of Invalidity Contentions and Production Accompanying Invalidity Contentions (N.D. Patent L.R. 3-3(a)-(d) to 3-4(a)-(b)). | Deadline for Infringement Contentions Disclosure plus forty-five (45) days (adapted from N.D. Patent L.R. 3-3). | January 15, 2021 | |
| Exchange of Proposed Terms for Construction (N.D. Patent L.R. 4-1(a)-(b)). | Deadline for Invalidity Contentions Disclosure plus fourteen (14) days (N.D. Patent L.R. 4-1). | January 29, 2021 | |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence (N.D. Patent L.R. 4-2(a)-(c). | Exchange of Proposed Terms for Construction plus twenty-one (21) days (N.D. Patent L.R. 4-2). | February 26, 2021 | |
| Damages Contention | 50 days after Invalidity Contentions (N.D. Patent L.R. 3-8) | March 5, 2021 | |
| Joint Claim Construction and Prehearing Statement (N.D. Patent L.R. 4-3(a)-(e)). | 60 days after Invalidity Contentions. | March 19, 2021 | |
| Responsive Damages Contention | 30 days after Damages Contention (N.D. Patent L.R. 3-9) | April 5, 2021 | |
| Completion of Claim Construction Discovery (N.D. Patent L.R. 4-4.) | 30 days after Joint Claim Construction and Prehearing Statement | April 19, 2021 | |
| Opening Claim Construction Briefs | Deadline for filing of Joint Claim Construction and Prehearing Statement plus forty-five (45) days (N.D. Patent L.R. 4-5) | May 7, 2021 | |
| Responsive Claim Construction Briefs | Deadline for filing of Opening Claim Construction Briefs plus fourteen (14) days (N.D. Patent L.R. 4-5) | May 21, 2021 | |

| | | |
|---|---|---|
| Reply Claim Construction Briefs | Deadline for filing of Responsive Claim Construction Briefs plus seven (7) days (N.D. Patent L.R. 4-5) | May 28, 2021 |
| Technology Synopsis | 7 days before technology tutorial | June 10, 2021 |
| Technology Tutorial | One to two weeks before claim construction hearing | June 17, 2021 |
| Claim Construction Hearing | As the Court's calendar permits | July 1, 2021 |
| Claim Construction Ruling Date | At the Court's convenience | At the Court's convenience |
| Production Related to Reliance Upon Advice of Counsel (N.D. Patent L.R. 3-7(a)-(c).) | 30 days after service of the Claim Construction Ruling. | Later of September 7, 2021 or 30 days after claim construction ruling |
| Subsequent Case Management Report | Judge Donato's Standing Order for Claim Construction | At the Court's convenience |
| Fact Discovery Cut-Off | | October 22, 2021 |
| Last Day to Serve Initial Expert Reports (unrelated to claim construction). | | November 19, 2021 |
| Last Day to Serve Rebuttal Expert Reports (unrelated to claim construction). | | December 17, 2021 |
| Last Day to Conduct Settlement Proceedings. | | December 17, 2021 |
| Expert Discovery Cut-Off. | | January 28, 2022 |
| Summary Judgment Opening Briefs | | February 18, 2022 |
| Summary Judgment Responsive Briefs | | March 18, 2022 |
| Summary Judgment Reply Briefs | | April 1, 2022 |
| Last Day to File *Daubert* Motions. | | April 9, 2022 |
| Last Day to Serve Motions in Limine | 14 days before pre-trial filings | April 15, 2022 |

| Last Day to Serve Responses to Motions in Limine | 4 days before pre-trial filings | April 22, 2022 |
|---|---|---|
| Pre-trial Filings | 14 days before final pre-trial conference | April 28, 2022 |
| Last Day to Meet & Confer regarding Deposition Designations | 21 days before the start of trial | May 9, 2022 |
| Final Pre-Trial Conference (Thursdays at 1:30 p.m.) | 19 days before the start of trial | May 12, 2022 |
| Last Day to File Deposition Designations | 5 days before the start of trial | May 25, 2022 |
| **Trial** | | May 30, 2022 |

# **CERTIFICATE OF SERVICE**

I am a citizen of the United States, over the age of eighteen years, and not a party to the within action. I am employed in the County of San Francisco, State of California, and my business address is Steyer Lowenthal Boodrookas Alvarez & Smith LLP, 235 Pine Street, 15th Floor, San Francisco, California 94104.

On the date set forth below, I served a true and correct copy of the following document(s):

**JOINT CASE MANAGEMENT STATEMENT**

[x]   By transmitting the above documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to CM/ECF registrants.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 22, 2020

_____
Alma M. Caliz

PROOF OF SERVICE

1717303.1 - NIKOLA.TESLA