1    Leo R. Beus (*Pro Hac Vice*)
2    L. Richard Williams (*Pro Hac Vice*)
      **BEUS GILBERT MCGRODER PLLC**
3    701 NORTH 44TH STREET
      PHOENIX, ARIZONA 85008-6504
4    TELEPHONE (480) 429-3000
5    E-MAIL:     lbeus@beusgilbert.com
                rwilliams@beusgilbert.com
6

7    Allan Steyer (State Bar No. 100318)
      Donald Scott Macrae (State Bar No. 104663)
8    Jill K. Cohoe (State Bar No. 296844)
      **STEYER LOWENTHAL BOODROOKAS**
9     **ALVAREZ & SMITH LLP**
10   235 PINE STREET, 15TH FLOOR
      SAN FRANCISCO, CALIFORNIA 94104
11   TELEPHONE:    415-421-3400
      FACSIMILE:    415-421-2234
12   E-MAIL:     asteyer@steylaw.com
                smacrae@steyerlaw.com
13                 jcohoe@steyerlaw.com
14

15   *Attorneys for Plaintiff Nikola Corporation*

16           **IN THE UNITED STATES DISTRICT COURT**

17         **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

18                **SAN FRANCISCO DIVISION**

| | |
|---|---|
| 19  Nikola Corporation, a Delaware corporation, | Case No.: 3:18-CV-07460-JD |
| 20  | |
| 21          Plaintiff/Counter Defendant, | Hon. James Donato |
| 22          vs. | **PLAINTIFF NIKOLA CORPORATION'S MEMORANDUM RE COURT'S ORDER TO SHOW CAUSE** |
| 23  Tesla, Inc., a Delaware corporation, | |
| 24          Defendant/Counterclaimant. | |
| 25 | |

26

27

28

1912859_1.docx
1912859.1 - NIKOLA.TESLA

1
2

I.     **INTRODUCTION: NIKOLA AND TESLA HAVE BEEN WORKING TOGETHER IN GOOD FAITH TO REACH AN AGREEMENT REGARDING CASE MANAGEMENT AND SCHEDULING**

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

Nikola requests that this case not be dismissed for failure to prosecute because, when considered in light of the facts, the factors for dismissal of a case under FRCP Rule 41(b) weigh heavily against dismissal.  Nikola's counsel has been working in good faith with Tesla's counsel to establish a comprehensive pretrial discovery schedule, including dates for the tutorial and claim construction hearing, and present it to the Court.  That process had been delayed by the added complication that the patent inventor and material witness in this case, Trevor Milton, is presently under criminal indictment and, therefore, the parties were uncertain whether he would be available to be deposed.  During discussions between Nikola's attorneys and Tesla's attorneys to develop a proposed joint scheduling order, Tesla's attorneys took the position that due to Mr. Milton's pending criminal charges and what Tesla considered to be the critical importance of his testimony to this case, the most efficient way to proceed with the remaining case schedule would begin with determining Mr. Milton's availability in light of his fifth amendment rights.  Therefore, the parties had been seeking a mutually agreeable solution to present to the Court.

19
20
21
22
23
24

In fact, by the day the Court issued its Order to Show Cause (29 September 2021), Tesla's attorneys had prepared a draft Joint Statement on Proposed Case Schedule to the Court explaining the status of the parties' scheduling discussions and the cause for the delay in responding to the Court.  Nikola's attorneys had made minor edits and were planning to seek Tesla's approval of the edits for filing with the Court when the Court released its Order to Show Cause.

25
26
27
28

RESPONSE TO COURT'S ORDER TO SHOW CAUSE

1912859_1.docx
1912859.1 - NIKOLA.TESLA

1
2
3
4

But just last Friday (1 October 2021) Mr. Milton's criminal counsel reported to Nikola's attorneys that, because of his other legal matters, Mr. Milton would not be available for a deposition until "late spring" of 2022.-

5
6
7
8
9
10

With this new information, Nikola sent Tesla a proposed scheduling order on 5 October 2021. (Exhibit K).  In a follow-up phone call later that day, Tesla maintained its belief that the most efficient way to proceed would be for the case to be stayed until after Mr. Milton becomes definitively available for his deposition, noting that if he were to be convicted, the case may not continue.  Nikola is agreeable to either a stay or to move forward with the remainder of the case.

11
12
13

## II.   THE PARTIES SCHEDULING DISCUSSIONS HAVE BEEN DELAYED BY THE DEPARTURE OF ATTORNEY WILLIS AND CONCERN OVER THE AVAILABILITY OF TREVOR MILTON.

14
15
16
17
18
19
20

The parties received the Court's 7 July 2021 Order requesting that the parties schedule new tutorial and claim construction hearing dates in November or December 2021. In mid-July 2021, Reed Willis, the Nikola attorney responsible for the day-to-day management of this case, and Tesla's attorney Dustin Knight discussed the need to agree upon hearing dates. (Exhibits A and B).  Tesla's Mr. Knight asserted that the new hearing dates during this time period would impact the remainder of the case's scheduling order and the parties agreed to submit a revised scheduling order to the Court.

21
22
23
24
25
26
27

Beginning 19 July 2021 through 6 September 2021, Mr. Knight was out of the office on paternity leave.  During the same period, Mr. Willis accepted an in-house legal position.  As a result, during August, Mr. Willis was wrapping up his responsibilities on the cases he had been working on at Beus Gilbert McGroder, PLLC ("BGM").  Therefore, scheduling discussions did not progress during the month of August.

28

3:18-CV-07460-JD                                    RESPONSE TO COURT'S ORDER TO SHOW CAUSE

1912859_1.docx
1912859.1 - NIKOLA.TESLA

On 2 September 2021, the Court vacated the September tutorial and claim construction hearing dates.  The next day (3 September 2021), Mr. Willis left BGM, (Exhibit C), and on 7 September 2021 Tesla's attorney Mr. Knight emailed Nikola's attorneys Richard Williams and David Neal to restart scheduling discussions.

Specifically, on 9 September 2021, Nikola's attorneys Williams and Neal participated in a call with Tesla's attorneys for the purpose of reaching agreement on a comprehensive case schedule.  In preparation for the call, Nikola had prepared a proposed schedule that included dates for the tutorial and claim construction hearings that fell within the Court's requested November or December 2021 timeframe.

During that call, Tesla's attorneys Mr. Knight and Mr. Pivovar raised the concern that because Mr. Milton was the patent inventor and a material witness, their defense of the case would be prejudiced if he were not available for a deposition while his criminal case was pending.  In response, Mr. Williams and Mr. Neal explained Nikola's position that the issues involved in Mr. Milton's criminal case were not relevant to the issues in this case.

Tesla's attorneys disagreed, responding that it was premature to establish a comprehensive case schedule until it was known when Mr. Milton would be available for a deposition.  They also argued that the issues in the criminal case were related, relevant and subject to discovery in this case. Because of Tesla's position, Nikola did not convey its proposed schedule to Tesla.

Seeking a compromise that could be jointly submitted to the Court, Nikola's attorneys suggested the option that the parties consider jointly asking the Court to stay the case until resolution of the criminal case.  Tesla's attorneys agreed to explore that possible solution with Tesla.

3:18-CV-07460-JD                                    RESPONSE TO COURT'S ORDER TO SHOW
                                                                                              CAUSE

1912859_1.docx
1912859.1 - NIKOLA.TESLA

1
2
3
4

On 20 September 2021, Nikola attorneys Mr. Williams and Mr. Neal again participated in a call with Tesla's attorneys Mr. Pivovar and Mr. Knight confirming that, to resolve Tesla's concerns, Nikola was willing to jointly request a litigation stay until resolution of Mr. Milton's criminal case.

5
6
7
8
9
10
11
12

Tesla's attorneys expressed their willingness to agree to a stay but noted they needed to confirm with Tesla.  In addition, both Nikola's and Tesla's attorneys agreed that Nikola would reach out to Mr. Milton's criminal counsel to clarify what position Mr. Milton would take if his deposition were requested in this case during the pendency of the criminal proceedings.  On 24 September 2021, Nikola's attorneys and Tesla's attorneys held another call to discuss the status of Nikola's outreach to Mr. Milton's criminal counsel.

13
14
15
16
17

On 24 September 2021 and then again 28 September 2021, Nikola's counsel Leo Beus emailed Mr. Milton asking to discuss the issue with the appropriate criminal attorney. (Exhibits D and F).  Once Mr. Milton's criminal attorney was identified, Mr. Beus emailed him on 29 September 2021 to inquire about Mr. Milton's availability. (Exhibit J).

18
19
20
21
22

On 27 September 2021, Tesla's attorneys recommended sending a report to the Court explaining the status of the scheduling discussions while Nikola's attorneys continued to work to get a response from Mr. Milton's criminal attorneys and a definitive response from Tesla confirming their agreement to make a joint request to the Court to seek a litigation stay. (Exhibit E).

23
24
25
26
27
28

On 28 September 2021, Tesla prepared a status report entitled Joint Statement on Proposed Case Schedule to submit to the Court and provided it to Nikola's attorneys for review. (Exhibit G and H).  By 29 September 2021, Nikola's attorneys had edited the Joint Statement and were preparing to seek approval from Tesla to have it filed with the Court. (Exhibit I).

3:18-CV-07460-JD                           RESPONSE TO COURT'S ORDER TO SHOW
                                                                    CAUSE

1912859_1.docx
1912859.1 - NIKOLA.TESLA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The status report described the delay caused by concern over Mr. Milton's availability. The full text of the Joint Statement, as edited by Nikola, follows:

> In view of the Court's July 7, 2021 Order requesting the parties propose new dates for the tutorial and claim construction hearings in November or December 2021 (Dkt. No. 153) and its September 2, 2021 Order vacating the existing dates (Dkt. No. 155), Nikola Corporation ("Nikola") and Tesla, Inc. ("Tesla") provide the following update on their efforts to address the Court's request.

> In early July 2021, the parties conferred on how moving the dates for the tutorial and claim construction hearings to November or December 2021 would necessitate an extension of fact and expert discovery deadlines to allow adequate time for the parties and their experts to consider the Court's claim construction rulings for U.S. Patent No. 10,077,084. The parties have since discussed an appropriate timeframe for these discovery periods, accounting for concerns regarding the availability of Mr. Trevor R. Milton, Nikola's former founder, CEO, and a critical witness in this case.

> Mr. Milton, identified in both parties' Rule 26 initial disclosures, is the first named inventor on each of the Patents-in-Suit and served as Nikola Corporation's CEO from October 2014 through September 2020, during the development of the Nikola One at issue in this case. Accordingly, Mr. Milton is in possession of knowledge and/or information that is material to the parties' claims and defenses, including Tesla's inequitable conduct counterclaims, and cannot be reasonably obtained by other means. (See Tesla's Counterclaims, ¶¶14-30, 65-68, Dkt. No. 128.)

> At this time, Mr. Milton is the subject of a criminal proceeding, USA v. Trevor Milton, Case No. 1:21-cr-00478-ER (S.D.N.Y.) (see Ex. A), and an SEC enforcement action, United States Securities and Exchange Commission v. Trevor Milton, Case No. Case No. 1:21-cv-06445 (S.D.N.Y.) (see Ex. B), related to alleged misrepresentations Mr. Milton made during his tenure as Nikola's CEO. Counsel for Nikola believes these issues involved in these actions are not relevant to this case. Counsel for Tesla disagrees. In any event, Counsel for Nikola is in the process of reaching out to Mr. Milton's criminal defense counsel to determine if Mr. Milton will be made available for a deposition while these actions are pending and how his availability will affect the schedule in this case.

> The parties will continue working together to determine the most effective manner of conducting discovery on Mr. Milton and the most effective schedule for the present case to proceed, and provide the Court with a proposed schedule as soon as reasonably practicable once Mr. Milton's status as an available witness is determined.

However, before Nikola was able to provide the Joint Statement to Tesla for review, on the afternoon of 29 September 2021, the Court's Order to Show Cause issued.

3:18-CV-07460-JD

RESPONSE TO COURT'S ORDER TO SHOW CAUSE

1912859_1.docx
1912859.1 - NIKOLA.TESLA

III.    **MR. MILTON'S ATTORNEY HAS NOW RESPONDED**

Mr. Milton's criminal attorneys responded by email to Nikola's attorneys on 1 October 2021, explaining that, because of the demands of Mr. Milton's other legal matters, he would not be available until "late spring of 2022."  "Trevor supports the company in pursuing its patent claim and will continue to cooperate in [Nikola's] efforts. As to a date for testimony, we plan to represent him in that regard, and with various ongoing matters, will not be able to devote the necessary time to your matter until the late spring of 2022."

As explained earlier, on 5 October 2021, Nikola sent Tesla a proposed scheduling order to accommodating this time frame. (Exhibit K).  Tesla maintains its position that the case should be stayed until Mr. Milton becomes definitively available and further noted that even if Mr. Milton would be available in "late spring of 2022" that Nikola's proposed schedule would unduly prejudice Tesla and efficient discovery in this case because it would force Tesla to take Mr. Milton's deposition at the close of fact discovery instead of several months in advance to permit follow up discovery to any of his testimony, as Tesla had planned to do before Mr. Milton was criminally indicted.

In response, Nikola offered to extend the discovery deadline. Tesla remained of the view that it was premature to discuss a proposed scheduling order.

IV.    **NIKOLA'S CONDUCT DOES NOT RISE TO THE LEVEL NECESSARY TO DISMISS THIS CASE FOR FAILURE TO PROSECUTE UNDER F.R.C.P. RULE 41(b)**

When applied to the facts of this case, three of the five factors used by Court's in the Ninth Circuit when determining the appropriateness of dismissal under F.R.C.P. Rule 41(b) weigh heavily against dismissal.  The five factors a court must analyze under F.R.C.P. Rule 41(b) are: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

3:18-CV-07460-JD                                    RESPONSE TO COURT'S ORDER TO SHOW CAUSE

prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." (Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 2005)). "Dismissal is appropriate 'where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal.'" (Contawe v. County of San Mateo, 2016 U.S. Dist. LEXIS 124992, *3 (N.D. Cal. 2016) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998))).  Because the first two factors generally favor dismissal of a case, (Contawe, 2016 U.S. Dist. LEXIS 124992, *3 (N.D. Cal. 2016)), factors three, four, and five determine whether dismissal is appropriate.

The third factor weighs against dismissing the case, because the scheduling delay is not prejudicial to defendant Tesla.  In fact, as described above, the parties have been in discussions to request a stay pending the availability of Mr. Milton for deposition.  As such, Tesla has already contemplated additional delay by promoting that the Court put the case on hold.

The fourth factor also weighs against dismissing the case, as there are less drastic alternatives to addressing the delay than dismissing the case.  For example, as the Court could stay the case or request the parties to proceed with the rest of the case while awaiting Mr. Milton's deposition.

Finally, the fifth factor weighs against dismissing the case, as "public policy favoring disposition of cases on their merits strongly counsels against dismissal. (*See, e.g.*, Hernandez, 138 F.3d at 399).  While it is true that the fifth factor may be one that "lends little support," in "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations" because such a case "cannot move forward toward resolution on the merits," (*see, e.g.*, In re the EXXON VALDEZ, 102 F.3d at 433 [**24]), those are not the facts of this case.  To the contrary, Nikola has not failed to comply with a deadline for presenting a scheduling order and has been working

1   diligently together with Tesla to resolve the scheduling issues.  Thus, the fifth factor weighs firmly in

2   favor of not dismissing the case.

3

4      Because the three critical factors weigh against dismissing the case, Nikola respectfully

5   submits that dismissal of this case under F.R.C.P. Rule 41(b) for failure to prosecute is not appropriate.

6

7   **V.      CONCLUSION: NIKOLA IS PREPARED TO DILIGENTLY PROSECUTE THIS
        CASE AND HAS PROCEEDED IN GOOD FAITH.**

8

9      Nikola is committed to the timely prosecution of this case and is willing to either have the

10  litigation stayed or to proceed with the remainder of the case while awaiting Mr. Milton's deposition.

11

12     Nikola apologizes to the Court for not being more timely in communicating with the court

13  regarding the status of the joint efforts between Nikola and Tesla to either seek a stay or propose a

14  joint scheduling order.  As explained above, Nikola has proceeded in good faith to resolve the case

15  management concerns Tesla has raised in an attempt to present a jointly agreeable resolution to the

16  court.

17

18     Because Nikola does not believe its actions or past actions rise to the level of severity that

19  would justify the case's dismissal and asks the Court to allow the case to proceed.

20

21  / / /

22

23  / / /

24  / /

25

26  / / /

27

28  / / /

3:18-CV-07460-JD                          RESPONSE TO COURT'S ORDER TO SHOW
                                                          CAUSE

9

1 | DATED:  6 October 2021

Respectfully submitted,

2

By_____/s/ L. Richard Williams_____

3 | L. Richard Williams

4

**BEUS GILBERT PLLC**

5 | Leo R. Beus (Admitted *Pro Hac Vice*)
lbeus@beusgilbert.com

6 | L. Richard Williams (Admitted *Pro Hac Vice*)
rwilliams@beusgilbert.com

7 | 701 North 44th Street

8 | Phoenix, AZ  85008-6504

9 | T:  480-429-3000 | F:  480-429-3001

10

**STEYER LOWENTHAL BOODROOKAS**
**ALVAREZ & SMITH LLP**

11 | Allan Steyer (State Bar No. 100318)

12 | asteyer@steyerlaw.com
Donald Scott Macrae (State Bar No. 104663)

13 | smacrae@steyerlaw.com

14 | Jill K. Cohoe (State Bar No. 296844)
jcohoe@steyerlaw.com

15

16 | Attorneys for Plaintiff

17

18

19

20

21

22

23

24

25

26

27

28

3:18-CV-07460-JD

RESPONSE TO COURT'S ORDER TO SHOW
CAUSE

10

1912859_1.docx
1912859.1 - NIKOLA.TESLA

1

**CERTIFICATE OF SERVICE**

2

     I am a citizen of the United States, over the age of eighteen years, and not a party to the

3

within action.  I am employed in the County of San Francisco, State of California, and my

4

business address is Steyer Lowenthal Boodrookas Alvarez & Smith LLP, 235 Pine Street, 15th

5

Floor, San Francisco, California 94104.

6

     On the date set forth below, I served a true and correct copy of the following document(s):

7

8

**PLAINTIFF NIKOLA CORPORATION'S MEMORANDUM RE COURT'S
ORDER TO SHOW CAUSE**

9

10

11

[x]    By transmitting the above documents to the Clerk's Office using the CM/ECF

12

System for filing and transmittal of a Notice of Electronic Filing to CM/ECF

13

registrants.

14

15

     I certify under penalty of perjury under the laws of the United States of America that the

16

foregoing is true and correct.

17

     Executed on October 6, 2021

18

19

_____
Alma Caliz

20

21

22

23

24

25

26

27

28

1717303.1 - NIKOLA.TESLA

1

**SERVICE LIST**

2

3
Michael K. Friedland (Bar No. 157217) | Michael.Friedland@knobbe.com
Lauren Keller Katzenellenbogen (Bar No. 223370) |
Lauren.Katzenellenbogen@knobbe.com
4
KNOBBE, MARTENS, OLSON & BEAR, LLP
5
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
6

7
Adam B. Powell (Bar No. 272725) | adam.powell@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
8
12790 El Camino Real
San Diego, CA  92130
9

10
Adam Bradley Powell / adam.powell@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
11
2465 East Bayshore Road, Ste 302
Palo Alto, CA 94303
12

13
Heidi L. Keefe (Bar No. 178960) / hkeefe@colley.com
Lam K. Nguyen (Bar No. 254285) / lnguyen@cooley.com
14
COOLEY LLP
15
3175 Hanover Street
Palo Alto, CA  94304-1130
16

17
Michael G. Rhodes (Bar No. 116127) / rhodesmg@colley.com
COOLEY LLP
18
101 California Street, 5th Floor
San Francisco, CA  94111-5800
19

20
Adam M. Pivovar (Bar No. 246507) / apivovar@cooley.com
COOLEY LLP
21
1299 Pennsylvania Avenue, N.W.
Suite 700
22
Washington, D.C.  20004-2400
23

24
Eric Michael Fraser / efraser@omlaw.com
OSBORN MALEDON PA
25
P.O. Box 36379
Phoenix, AZ 85067-6379
26

27

28

1717303.1 - NIKOLA.TESLA

Colin Matthew Proksel / cproksel@omlaw.com
OSBORN MALEDON PA
P.O. Box 36379
Phoenix, AZ  85067-6379

Kimberly Ann Kennedy / kim.kennedy@knobbe.com
KNOBBE MARTENS OLSON AND BEAR LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614

Heidi Lyn Keefe / hkeefe@cooley.com
COOLEY LP
3175 Hanover Street
Palo Alto, CA 94304

Dustin Michael Knight / dknight@cooley.com
11951 Freedom Drive
Reston, VA 20190

Leo R. Beus / lbeus@beusgilbert.com
Richard L. Williams / rwilliam@beusgilbert.com
BEUS GILBERT MCGRODER PLLC
701 North 44th Street
Phoenix, AZ  85008