Leo R. Beus (*Pro Hac Vice*)
L. Richard Williams (*Pro Hac Vice*)
**BEUS GILBERT MCGRODER PLLC**
701 NORTH 44TH STREET
PHOENIX, ARIZONA 85008-6504
TELEPHONE (480) 429-3000
E-MAIL:    lbeus@beusgilbert.com
           rwilliams@beusgilbert.com

Allan Steyer (State Bar No. 100318)
Donald Scott Macrae (State Bar No. 104663)
Jill K. Cohoe (State Bar No. 296844)
**STEYER LOWENTHAL BOODROOKAS**
 **ALVAREZ & SMITH LLP**
235 PINE STREET, 15TH FLOOR
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE:   415-421-3400
FACSIMILE:   415-421-2234
E-MAIL:    asteyer@steylaw.com
           smacrae@steyerlaw.com
           jcohoe@steyerlaw.com

*Attorneys for Plaintiff Nikola Corporation*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Nikola Corporation, a Delaware corporation,<br><br>           Plaintiff,<br><br>vs.<br><br>Tesla, Inc., a Delaware corporation,<br><br>           Defendant. | Case No.: 3:18-CV-07460-JD<br><br>The Hon. James Donato<br><br>**PLAINTIFF NIKOLA CORPORATION'S MOTION FOR CLARIFICATION REGARDING THE OCTOBER 18, 2021 COURT ORDER** |

1   On September 29, 2021, the Court issued an order administratively closing the above-captioned case and ordering Plaintiff to show cause regarding why the case should not be dismissed for failure to prosecute. After briefing on the order to show cause, the Court issued an additional order on October 18, 2021 stating that "The case will not be dismissed at this time for failure to prosecute, but that may change if Nikola does not move this case forward to resolution in an efficient and timely manner." Under the Court's orders, the case remains administratively closed. However, the technology tutorial is set for January 13, 2022 and the claim construction hearing is set for January 27, 2022.

As described in greater detail below, Plaintiff has attempted to move the case forward pursuant to the Court's order. However, the parties have been unable to come to an agreement about the meaning of the Court's order and Defendant has taken the position that discovery is not appropriate because the case is administratively closed.

On November 8, 2021, Plaintiff's counsel emailed Defendant's counsel inquiring whether "Tesla is willing to agree to a pre-trial schedule," proposing that "Nikola and Tesla exchange lists of those depositions they anticipate taking," requesting to "work together to schedule the depositions," offering to begin producing documents to Tesla, requesting that Tesla begin producing documents, and indicating that Nikola believes Tesla's interrogatory responses are incomplete. *See* Decl. of R. Williams ("Williams Decl."), Ex. A, Email from R. Williams to A. Pivovar and D. Knight, 8 Nov 21. Having received no response, Plaintiff's counsel again emailed Defendant's counsel on November 18, 2021 seeking to schedule a meet and confer to discuss the issues of Plaintiff's November 8, 2021 email. *See* Decl. of R. Williams ("Williams Decl."), Ex. A, Email from R. Williams to A. Pivovar and D. Knight, 18 Nov 21.

Rather than meet and confer, Defendant's counsel responded via email indicating Defendant's position that "discovery is not open in the case" because the case is still administratively closed and the Court was "only moving forward with claim construction." *See* Williams Decl. Ex. A, Email from D. Knight to R. Williams and A. Pivovar, 19 Nov 21.

On December 7, 2021, Plaintiff's counsel again emailed Defendant's counsel reiterating Nikola's position that discovery should proceed and indicating that Nikola was considering filing this motion for clarification. *See* Decl. of R. Williams ("Williams Decl."), Ex. A, Email from R. Williams to A. Pivovar and D. Knight, 7 Dec 21. Having received no response, Plaintiff's counsel requested a meet and confer to discuss these issues. *See* Williams Decl. Ex. A, Email from D. Knight to R. Williams and A. Pivovar, 19 Nov 21.

On December 9, 2021, Defendant's counsel responded that Tesla had again changed its counsel of record (for the third time) in this case and requesting that all future communication be addressed to Aamir Kazi and Dan Gopenko of Fish & Richardson. *See* Williams Decl. Ex. A, Email from A. Pivovar to R. Williams, 9 Dec 21. Plaintiff's counsel promptly reached out to Defendant's new counsel, seeking clarification regarding whether Tesla was "going to maintain the position that no discovery should take place while the case is administratively closed" and whether Tesla would "participate in discovery absent further clarification from the Court." *See* Williams Decl. Ex. A, Email from R. Williams to A. Kazi and D. Gopenko, 9 Dec 21; Williams Decl. Ex. A, Email from R. Williams to A. Kazi and D. Gopenko, 15 Dec 21.

On December 15, 2021, Defendant's counsel responded that "Tesla's position is that the case is administratively closed, and therefore, discovery is not appropriate." *See* Williams Decl. Ex. A, Email from A. Kazi to R. Williams to and D. Gopenko, 15 Dec 21. The parties met and conferred telephonically on December 16, 2021, and Tesla's counsel again confirmed Tesla's position that discovery is not appropriate because the case is administratively closed pending further order. *See* Williams Decl. Ex. A, Email from R. Williams to A. Kazi and D. Gopenko, 16 Dec 21.

"A court may clarify its order for any reason." *Wahl v. Am. Sec. Ins. Co.*, No. C 08-0555 RS, 2010 WL 2867130, at *3 (N.D. Cal. July 20, 2010). "This type of request 'invite[s] interpretation, which trial courts are often asked to supply, for the guidance of the parties.'" *Id.* (*quoting Bordallo v. Reyes*, 763 F.2d 1098, 1102 (9th Cir. 1985); *see also Padgett v. Loventhal*, No. 5:04-CV-03946-EJD, 2015 WL 13753300, at *1 (N.D. Cal. May 13, 2015) ("[T]he clarification process presumes some legitimate need supporting relief, such as the existence of ambiguity or confusion that can be corrected

with further explanation."). The parties disagree on how to interpret the Court's October 18, 2021 Order. Accordingly, Plaintiff requests guidance on whether the Court intended for the parties to continue conducting discovery or if the Court intended to only continue with the technology tutorial and claim construction hearing.

DATED this 22nd day of December 2021.

By   /s/
    L. Richard Williams

**BEUS GILBERT McGroder PLLC**
  Leo R. Beus (Admitted *Pro Hac Vice*)
  lbeus@beusgilbert.com
  L. Richard Williams (Admitted *Pro Hac Vice*)
  rwilliams@beusgilbert.com
  701 North 44th Street
  Phoenix, AZ 85008-6504
  T: 480-429-3000 | F: 480-429-3001

**STEYER LOWENTHAL BOODROOKAS ALVAREZ & SMITH LLP**
  Allan Steyer (State Bar No. 100318)
  asteyer@steyerlaw.com
  Donald Scott Macrae (State Bar No. 104663)
  smacrae@steyer law .com
  Jill K. Cohoe (State Bar No. 296844)
  jcohoe@steyerlaw.com

  Attorneys for Plaintiff

Case No. 3:18-CV-07460-JD     PLAINTIFF NIKOLA CORPORATION'S MOTION FOR CLARIFICATION REGARDING THE OCTOBER 18, 2021 COURT ORDER

4

# CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2021, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Michael K. Friedland (Bar No. 157217) | Michael.Friedland@knobbe.com
Lauren Keller Katzenellenbogen (Bar No. 223370) | Lauren.Katzenellenbogen@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614

Adam B. Powell (Bar No. 272725) | adam.powell@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
12790 El Camino Real
San Diego, CA 92130

Heidi L. Keefe (Bar No. 178960) / hkeefe@cooley.com
Lam K. Nguyen (Bar No. 254285) / lnguyen@cooley.com
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130

Michael g. Rhodes (Bar No. 116127) / rhodesmg@cooley.com
COOLEY LLP
101 California Street, 5th Floor
San Francisco, CA 94111-5800

Adam M. Pivovar (Bar No. 246507) / apivovar@cooley.com
COOLEY LLP
1299 Pennsylvania Avenue, N.W.
Suite 700
Washington, D.C. 20004-2400

Eric Michael Fraser / efraser@omlaw.com
OSBORN MALEDON PA
P.O. Box 36379
Phoenix, AZ 85067-6379

1  Jared A. Smith (CA SBN 306576) / jasmith@fr.com
   FISH & RICHARDSON P.C.
2  12860 El Camino Real, Ste. 400
   San Diego, CA 92130
3

4  Aamir A. Kazi / kazi@fr.com
   FISH & RICHARDSON P.C.
5  1180 Peachtree Street, 21st Floor
   Atlanta, GA 30309
6

7  Daniel R. Gopenko / gopenko@fr.com
   FISH & RICHARDSON P.C.
8  1000 Main Avenue, SW, Suite 1000
   Washington, D.C. 20024
9

10 Attorneys for Defendant

11

12                                          _____
                                            Alma Caliz
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Case No. 3:18-CV-07460-JD                        PLAINTIFF NIKOLA CORPORATION'S
                                                 MOTION FOR CLARIFICATION REGARDING
                                                 THE OCTOBER 18, 2021 COURT ORDER

6